OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, landlord’s motion for the entry of judgment granted and tenant’s cross motion to vacate the stipulation denied.
In this nonpayment proceeding, the three-day notice demands monthly rent of $384.24 for the six months from October 1994 through March 1995 and miscellaneous charges of $1,343.78, for a total of $3,649.22. Tenant appeared pro se and entered into a stipulation agreeing that $3,891.31 was due through April 1995, that she would pay this sum by April 30, 1995, and that upon her default landlord could move on five days’ notice for entry of a final judgment. When tenant failed to make the payment, landlord moved for the entry of judgment. Tenant, with the assistance of counsel, cross-moved to vacate the stipulation and to dismiss the petition. Tenant’s attorney asserted, inter alia, that the rent demand was "jurisdictionally defective” because it failed to itemize the miscellaneous charges of $1,343.78. Housing Court, ruling that the rent demand was defective because tenant was not given a breakdown of the miscellaneous charges, vacated the stipulation and dismissed the petition.
In our view, landlord’s failure to itemize the miscellaneous charges does not provide a basis for invalidating the demand and vacating the stipulation.
RPAPL 711 (2) allows the maintenance of a nonpayment proceeding where the "tenant has defaulted in the payment of rent * * * and a demand of the rent has been made, or at least three days’ notice in writing requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served upon him as prescribed in section 735.” The requirement in the alternative of a rent demand or three-day notice has been carried over from the original summary proceeding statute of 1820 (L 1820, ch 194, § 1) without substantial change (see generally, Zenila Realty v Masterandrea, 123 Misc 2d 1, 5-6).
In People ex rel. Grissler v Dudley (58 NY 323), the Court of Appeals held that a rent demand was not defective where landlord had demanded rent plus interest.
*339 In Moore v Coughlin (127 App Div 810), the demand was for $135 and it was found after trial that, after an $80 setoff due tenant, only $55 was due. The Court ruled that the demand was not defective, noting that the strictness of the common-law rule requiring a demand of the precise sum due was not found in the statute governing summary proceedings (see also, Ranalli v Burns, 157 AD2d 936, 937).
In recent times, this court has held that the inclusion in a three-day notice of a demand for attorney’s fees did not invalidate the notice where the notice otherwise gave detailed information with respect to the amount of rent due and the period for which it was due (Kerman Equities v Swett, NYLJ, Feb. 7, 1996, at 29, col 1 [App Term, 2d & 11th Jud Dists]; see also, 67-25 Darthmouth St. Corp v Silberman, NYLJ, Apr. 2, 1996, at 30, col 1 [App Term, 2d & 11th Jud Dists]; cf., Brusco v Miller, 167 Misc 2d 54 [App Term, 1st Dept]).
In the instant case, the requirement of a rent demand was met with respect to the rent for the six months from October 1994 through March 1995. Inasmuch as the three-day notice expressly itemized the rent for these months, it cannot be said that rent for these months has not been demanded. If the requirements of the statute were not met with respect to the miscellaneous charges of $1,343.78, the inclusion of this claim in the notice did not invalidate the notice. It is clear from the petition that this portion of the notice was intended to demand the balance due for the period prior to October 1994. Since there is no claim asserted that these sums were not in fact owed, we find no basis to vacate the stipulation.
Kassoff, P. J., Aronin and Patterson, JJ., concur.