*682 OPINION OF THE COURT
Memorandum.
Final judgment unanimously modified by vacating the monetary award and remanding the matter to the court below for entry of judgment in accordance with the following memorandum and as so modified affirmed without costs.
In this nonpayment proceeding, the record reveals that by order dated January 8, 1987 the Department of Housing Preservation and Development (DHPD) set the initial stabilized rent for tenant’s apartment at $425 per month. Prior to landlord’s rehabilitation of the building, tenant had been paying a rent-controlled rent of $83.91 per month. Many of the tenants in the building commenced a Supreme Court action to contest the rents assigned by DHPD. All of these tenants except tenant herein settled with landlord and signed rent-stabilized leases. Tenant and her now deceased husband refused to sign the lease offered and contested the issue over the years that followed before DHPD and Division of Housing and Community Renewal, all the while paying only $83.91 per month. Finally in 1994, in settlement of a holdover proceeding, tenant signed a rent-stabilized lease agreeing to pay $446.25 per month beginning May 1, 1994. Landlord seeks in this proceeding to recover the difference between what tenant has paid since January 1987 and the rent-stabilized rent as well as the stabilized rent from May 1994. Tenant asserts a general denial and defenses of laches and Statute of Limitations. After trial, the court found in favor of landlord.
In our view, landlord is not entitled to recover the arrears claimed from 1987. Rent stabilization is a lease-based regulatory scheme. As such, a tenant’s obligation to pay the stabilized rent is dependent on the tenant’s agreement to pay it. In the instant matter, tenant did not agree to pay the stabilized rent except for the period commencing May 1, 1994. Further, in view of tenant’s continuing challenges to the stabilized rent, no implied agreement to pay this rent for the period prior to May 1, 1994 can be found. Landlord’s remedy for tenant’s refusal to sign the lease in 1987 and thereafter was to bring a holdover proceeding based on tenant’s refusal. Under the circumstances, tenant is liable for the stabilized rent only from May 1,1994. Accordingly, the matter is remanded for the entry of a final judgment awarding landlord possession and arrears accruing from May 1, 1994.
Kassoff, P. J., Scholnick and Chetta, JJ., concur.