Weston Patterson, J.
(concurring in part and dissenting in part). In my view, the absence of a lease agreement did not preclude landlord from recovering arrears for the period from March 2001 to December 2003. It is undisputed that in July *5 2002 the Division of Housing and Community Renewal determined that tenant had a right of succession and directed landlord to extend her a lease. Since then, tenant has never disputed her status and, indeed, maintains that she repeatedly sought a lease. Although landlord delayed in extending her one, it cannot be said, on this record, that there was any conduct that would negate the existence of an implied lease agreement (see 428 E. 66th St. LLC v Meirowitz, 12 Misc 3d 141[A], 2006 NY Slip Op 51364[U], *1 [App Term, 1st Dept 2006] [the absence of a lease agreement did not bar the maintenance of a nonpayment proceeding where the “impasse over the lease terms was fueled ... by the tenant’s meritless claim of entitlement to use of the building’s backyard area”]; compare Paid Enters. v Gonzalez, 173 Misc 2d 681, 682 [App Term 2d & 11th Jud Dists 1997] [“in view of tenant’s continuing challenges to the stabilized rent, no implied agreement to pay this rent . . . can be found”]). Since tenant’s rights, as a successor, are undisputed and clearly relate back to the date of her mother’s death (245 Realty Assoc. v Sussis, 243 AD2d 29, 33 [1998]), tenant cannot now deny responsibility for those accrued arrears.
Finally, to the extent the court below dismissed landlord’s proceeding as barred by laches, I disagree. The proper remedy was to limit landlord to a nonpossessory judgment for the arrears for the period from March 2001 to December 2003 (see 1560-80 Pelham Pkwy. Assoc. v Erric, 177 Misc 2d 947 [App Term, 1st Dept 1998]).
Accordingly, I would reverse so much of the April 29, 2005 order as dismissed the proceeding and would affirm the portion of the order dated October 8, 2004 that limited landlord to seeking a nonpossessory judgment for the period from March 2001 to December 2003.
Pesce, EJ., and Belen, J., concur; Weston Patterson, J., concurs in part and dissents in part in a separate memorandum.