OPINION OF THE COURT
Memorandum.
Order reversed without costs and tenants’ motion to dismiss the petition denied.
In this nonpayment proceeding commenced in September 2006 landlord seeks to recover possession of a room in a single-room-occupancy (SRO) facility (see Multiple Dwelling Law § 4 [16]) located in a “class B” multiple dwelling (see Multiple Dwelling Law § 4 [9]), and arrears at the rate of $150 per week for the period beginning August 6, 2006. According to the petition, the apartment is subject to the Rent Stabilization Law of 1969 (RSL). Tenants moved to dismiss the petition, claiming that the most recent registration for their unit was dated 2002 and stated a weekly rent of $100, so that landlord was seeking an illegal rent. In opposition to the motion, notwithstanding the claim in the petition that the apartment is subject to the RSL, landlord’s attorney argued, inter alia, that tenants, single-room occupants, were not protected under the RSL because they did not qualify as “permanent tenants” who are afforded rent-stabilization protection under Rent Stabilization Code (RSC) (9 NYCRR) § 2520.6 (j). In support of this contention, counsel noted that tenants had moved in on February 15, 2006 and had stopped paying rent before the required six-month residency period was complete. Landlord’s counsel also disputed tenants’ claim that the unit was not registered since 2002, and he attached a certified copy of a July 2006 registration. The Civil Court found that tenants were “permanent tenants” because they had continuously resided in the subject premises for more than six months, and that landlord had failed to file annual registrations for the premises, as claimed by tenants, since 2002. The court ruled that landlord was therefore precluded from seeking rents higher than those registered in 2002 and, without further explanation, granted tenants’ motion to dismiss the petition.
*76 We agree with the Civil Court that landlord’s contention that tenants are not permanent tenants because they failed to pay rent for part of the sixth month of their occupancy is without merit. The Code’s criterion is not the payment of rent but continuous residence in the unit for six months (see RSC [9 NYCRR] § 2520.6 [j]). Moreover, even were we to accept landlord’s contention that residence alone is insufficient without the payment of rent, here, by commencing a nonpayment proceeding, rather than a holdover proceeding, and seeking to recover the unpaid rent, landlord has undermined its contention.
The rules for determining the legal rent in an SRO are aptly set forth in Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 18:200, at 18-92 (West’s NY Prac Series, vol G, 2006), as follows:
“An SRO landlord may demand and receive any amount of rent from the transient tenant until permanent tenancy status is secured. Upon receiving a request for a lease of at least six months, or when the hotel occupant has remained in occupancy for at least six months, whichever is sooner, the landlord must respond by lowering the rent to the legal regulated rent. The legal regulated rent is equal to the most recent rent charged the prior permanent tenant, (assuming that'the rent so charged was legal), plus any lawful guidelines increase in effect at the time of the commencement of the permanent tenancy, in accordance with Hotel Orders promulgated by the RGB” (see also NY St Div of Hous & Community Renewal Advisory Op No. 87-2).
Applying these rules here, landlord was entitled to the parties’ negotiated free-market rent until the six-month period expired. Since tenants moved in on February 15, 2006, landlord was entitled to collect the free-market rent until August 14, 2006, and the petition could properly demand the same. Beginning with August 15, 2006, tenants’ rent became the most recent rent charged the prior permanent tenant, if lawful, plus applicable increases. Pursuant to RSL (Administrative Code of City of NY) § 26-517 (e), such increases would be collectible only if the unit was properly registered (see generally Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 18:202 [West’s NY Prac Series, vol G, 2006]).
We do not here reach the question whether a nonpayment petition must be dismissed where a portion of the rent arrears *77 demanded by the landlord, apparently in good faith, may exceed the legally collectible rent (see John Washington, Ltd. v Gulbreath, 171 Misc 2d 337 [App Term, 2d & 11th Jud Dists 1997] [the inclusion, inter alia, in a rent notice of charges uncollectible in a summary proceeding did not invalidate the notice]; see generally ShopRite Supermarkets, Inc. v Yonkers Plaza Shopping, LLC, 29 AD3d 564 [2006]) because tenants, in moving to dismiss the petition, failed to show that any part of the rents sought exceeded the legally collectible rent.
In support of the motion to dismiss the petition, tenant Teinelle Philpotts stated that her attorney had informed her that the most recent registration is dated 2002, and she attached a copy of this registration, stating a weekly rent of $100. However, this claim was not made on personal knowledge and was refuted by landlord’s attorney, who attached a certified copy of a July 2006 registration. In these circumstances, there was no proper basis for the court’s finding that the unit was not registered since 2002, nor was there any proper basis upon which the court could determine that the amount sought exceeded the legally collectible rent. Consequently, tenants showed no basis for dismissal of the petition, and their motion to dismiss the petition should have been denied.
Weston Patterson, J.E, Golia and Belen, JJ., concur.