OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and matter remanded to the court below for entry of a final judgment in favor of landlord following a recalculation of the rents owed in accordance with the following memorandum.
In this nonpayment proceeding, landlord seeks to recover various monthly balances in rent arrears at the rate of $1,288.31 per month from March 2005, contending that this is the amount of the collectible monthly rent. Landlord asserts that tenant’s last lease, which was for the two years ending on November 30, 2004 and which provided for a monthly rent of $848.88, stated that the $848.88 was a preferential rent for two years and that the “true rent” was $1,314.08. The lease submitted into evidence by landlord also stated: “Landlord has option to charge correct rent when lease expires.” In the lease submitted by tenants, this language was absent. Landlord claims that it does not seek $1,314.08 because the registered rent was $1,288.31. Landlord did not allege or prove that it offered tenants a renewal lease after the November 30, 2004 expiration of the last lease and that tenants refused to accept such a renewal offer.
*46 It was landlord’s burden, in this nonpayment proceeding, to establish the existence of an agreement to pay the rent demanded (RPAPL 711 [2]; see e.g. 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1 [App Term, 2d & 11th Jud Dists 2006]; Licht v Moses, 11 Misc 3d 76 [App Term, 2d & 11th Jud Dists 2006]). Landlord failed to meet this burden. The limitation in the expired lease of the term of the rent preference to two years, the statement therein as to the amount of the “true” or legal regulated rent, and the statement that landlord had the “option” of charging the “correct” rent at the end of the lease (assuming landlord’s version of the lease were to be deemed valid) did not constitute an agreement by tenants to pay any particular higher amount after the expiration of the lease, without the execution of a renewal lease in that amount (cf. Licht v Moses, 11 Misc 3d at 78). Landlord was required to offer tenants such a renewal lease before it could deem the lease renewed at the higher amount (Rent Stabilization Code [9 NYCRR] § 2523.5 [a], [c]). In the absence of proof of an agreement, deemed or actual, by tenants to pay a higher rent, it must be held that landlord’s acceptance of tenants’ rent payments, after the November 30, 2004 expiration of the lease, continued the tenancy at the rental set forth in the expired lease (Real Property Law § 232-c; see City of New York v Pennsylvania R.R. Co., 37 NY2d 298 [1975]; Farrell Lines v City of New York, 63 Misc 2d 542 [1970], affd on op below 35 AD2d 788 [1970], affd 30 NY2d 76 [1972]). Thus, landlord is only entitled to recover arrears in rent at the rate of $848.88. Since the record before this court is insufficient to allow this court to determine the months for which rent is owed, and the amounts owed for each month, the final judgment is reversed and the matter remanded for entry of judgment in favor of landlord following a recalculation of the rents due at the rate of $848.88 per month.
We note that tenant’s contentions that the rent demand and petition are defective because they demanded the higher amount, and that the proceeding must, as a consequence, be dismissed, is without merit. The rent demand and petition permissibly set forth landlord’s good faith claim as to the rents due and the periods for which they were due (cf. ShopRite Supermarkets, Inc. v Yonkers Plaza Shopping, LLC, 29 AD3d 564 [2006]). The fact that landlord did not entirely prevail on its claim does not provide a basis for invalidating the petition *47 and rent demand and dismissing the proceeding (see Moore v Coughlin, 127 App Div 810 [1908]; John Washington, Ltd. v Gulbreath, 171 Misc 2d 337 [App Term, 2d & 11th Jud Dists 1997]).
Weston Patterson, J.P and Rios, J., concur.