*941 OPINION OF THE COURT
Gerald Lebovits, J.
In 2001, respondent began living in room 214 of a single room occupancy (SRO) hotel located at 216 West 103rd Street in New York County. New York City placed him there under an agreement — not submitted to this court* — between the New York City Human Resources Administration (HRA) and petitioner. HRA paid respondent’s rent, $2,000 a month.
In this holdover proceeding, petitioner alleges that respondent lost the right to inhabit the premises when HRA sent petitioner a letter dated April 17, 2007, stating that the respondent no longer resided at the premises and that HRA would stop paying respondent’s rent. In fact, respondent still resided at the premises on that date. He still does. Further, HRA continues to pay respondent’s rent.
Respondent asserts that Rent Stabilization Code (RSC) (9 NYCRR) § 2520.6 (j) categorizes him as a permanent rent-stabilized tenant and protects him from eviction except under code-specified circumstances not alleged by petitioner.
Both parties move for summary judgment. Even if everything petitioner alleges is true, respondent has independent tenancy rights and protection from eviction. Petitioner’s motion is denied, and respondent’s motion is granted.
With several exceptions, the RSC applies to all classes of housing. (9 NYCRR 2520.11.) The exception relevant here is that the RSC does not apply to hotels or rooms for transient occupants. (See 9 NYCRR 2520.11 [g].) Section 2520.6 (j) of the RSC defines a “permanent tenant” for hotel-housing purposes as an individual who continuously resides in the same building as a principal residence for at least six months. Petitioner agrees that respondent has resided continuously in room 214 as a principal residence for at least six months. He has resided there for more than six years.
Petitioner contends, however, that because respondent does not pay rent to petitioner, he is not a permanent rent-stabilized tenant. HRA pays the rent directly to petitioner. Petitioner as *942 serts that the obligation to pay rent is the sine qua non of a landlord-tenant relationship. Whether this assertion is true is irrelevant. In defining who is a permanent hotel tenant, the RSC does not refer to who must pay rent. The RSC considers tenants permanent if they reside continuously in a hotel as a primary residence for six months. (9 NYCRR 2520.6 [j]; see also Kanti-Savita Realty Corp. v Santiago, 18 Misc 3d 74, 76 [App Term, 2d Dept, 2d & 11th Jud Dists 2007 mem] [finding that continuous residency for six months, not paying rent, qualifies an individual as a permanent tenant under RSC § 2520.6 (j)].) Respondent meets the RSC’s requirement.
The existence of an agreement that HRA would pay petitioner rent on respondent’s behalf, if petitioner could prove it, would not preclude respondent from being a permanent rent-stabilized tenant. Deciding a case on similar facts, Civil Court recently found that HRA’s agreement to pay a tenant’s rent does not exempt premises from rent-stabilization coverage. (See Helms Realty Corp. v Abrams, Hous Part, Civ Ct, NY County, May 29, 2008, Sikowitz, J., index No. 75544/07.) There, HRA had sent the landlord a letter stating it would stop paying rent for a tenant of three years. The landlord argued that the threatened payment stoppage entitled it to evict the tenant. («See id. at 2.) The court reasoned that the tenant met the plain-language definition of “permanent tenant” in section 2520.6 (j). (See id. at 3.) According to the court, who pays the rent is not a factor in determining whether the RSC applies. (See id. at 2-3.) This court finds that opinion persuasive. An agreement between the landlord and HRA is not a basis for exemption from the RSC.
In support of its argument that respondent is a transient tenant, petitioner contends that section 2520.6 (j) is coterminous with section 2520.6 (d), which defines “tenant” as any person named on a lease as lessee or who is a party to a lease agreement and is obligated to pay rent. Respondent would fail to meet this definition if it applied. But this definition does not apply. To protect historically vulnerable and marginalized SRO dwellers, the Legislature created a separate category for permanent hotel tenants and defined this group differently from tenants of other types of buildings. Had the Legislature intended to treat both groups the same, there would be no reason for it to have created two separate definitions, one for “permanent tenants” of hotels and one for “tenants” of other dwellings. The Legislature determined that SRO dwellers need the extra protection afforded by “permanent tenant” status. It would defeat the *943 Legislature’s intent for this court to require from hotel tenants the same standard of tenancy required of tenants of other dwellings.
Petitioner also argues that section 2520.6 (j) does not give permanent hotel-tenant status to all individuals, but only to “hotel occupants” defined in section 2520.6. Section 2520.6 (m) defines “hotel occupant” as any person residing in hotel housing who is not a permanent tenant. Petitioner asserts that to be a “hotel occupant,” one must register and pay rent. No support exists for either part of this argument. The first sentence of section 2520.6 (j) unambiguously refers to “individuals”; it does not mention “hotel occupants.” Nor does section 2520.6 (m) provide anything about registration or paying rent.
Section 2520.6 (j) alone defines whether respondent is a permanent hotel tenant, and no factual dispute exists over whether respondent satisfies that definition. Petitioner does not allege that any other provision of section 2520.11 exempts respondent from rent-stabilized tenant status. Respondent is thus a permanent rent-stabilized hotel tenant within the RSC’s meaning.
It is beyond the scope of this decision to determine who ought to pay the rent for room 214, what an appropriate rent for that room would be, why petitioner does not have a copy of its alleged agreement with HRA, why HRA sent petitioner a letter erroneously stating that respondent no longer lived on the premises, or why HRA continues to pay the rent despite its letter threatening to stop. A party moving for summary judgment must demonstrate an absence of any material issue of fact. (See CPLR 3212 [b]; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385 [2005].) The only dispute here is a question of law over the construction of the RSC’s definition of “permanent tenant.” Respondent satisfies this definition. He has met his burden by showing that even if everything petitioner alleges is true, he has independent tenancy rights that protect him from eviction. Assuming that an agreement between HRA and petitioner exists, the agreement does not entitle petitioner to evict respondent if HRA stopped paying rent. If HRA stopped paying rent, petitioner’s recourse is to bring a nonpayment proceeding against respondent. But to bring a holdover proceeding, petitioner must allege and prove grounds for eviction under RSC § 2524.3. Petitioner has alleged none.
The petition is dismissed.

 Petitioner sought to subpoena a copy of the agreement from HRA. Civil Court “so ordered” two subpoenas on October 19, 2007. HRA moved to quash the subpoenas because, it argued, federal and state laws prohibit HRA from disclosing information about a benefit recipient unless the recipient consents. Because respondent did not consent to disclose his information, the court granted HRA’s motion to quash the subpoenas. (See Brianic Intl. Realty Corp. v Pitt, Hous Part, Civ Ct, NY County, Feb. 19, 2008, Schreiber, J., index No. 75547/07.)