OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is modified by providing that landlord’s motion is granted only to the extent of severing the counterclaims; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In his answer to this nonpayment proceeding, tenant interposed counterclaims for “abuse of action, common law deceit, and barratry.” Upon landlord’s motion to strike the counterclaims, the Housing Part struck them but, giving tenant’s pleading a liberal reading, allowed tenant’s supporting allegations to stand as a counterclaim for harassment pursuant to Local Law No. 7 (2008) of City of New York. Tenant appeals from so much of the order as struck his counterclaims for “abuse of action, common law deceit, and barratry.”
In our view, the counterclaims for “abuse of action, common law deceit, and barratry” should have been severed, not stricken. RPAPL 743 permits a respondent in a summary proceeding to interpose any legal counterclaim. However, as residential summary proceedings in the City of New York are heard in the Housing Part of the Civil Court (see CCA 110; Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.42 [a]), which part is not authorized to hear tort counterclaims for damages (CCA 110), the court should have severed the counterclaims for “abuse of action, common law deceit, and barratry” without passing on their merits. We modify the order, insofar as appealed from, accordingly. We note that so much of the Civil Court’s order as deemed the answer to assert a counterclaim for damages for harassment pursuant to Local Law 7 is not before us (but see generally 226-228 E. 26th St. LLC v Rhodes, NYLJ, Jan. 15, 2009 [Civ Ct, NY County 2009] [the remedies provided by Local Law 7 do not include a private right to damages]). We likewise do not pass on the validity of the severed counterclaims.
*51 Pesce, PJ., Rios and Solomon, JJ., concur.