OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is modified by providing that the branch of landlord’s motion seeking to sever tenants’ eighth counterclaim is denied and by further providing that the branch of tenants’ cross motion seeking an award of summary judgment on the issue of liability on their eighth counterclaim and to set the matter down for a hearing to determine the amount of attorney’s fees to be awarded thereon is granted, and the matter is remitted to the Civil Court for a hearing to determine the amount of attorney’s fees to be awarded on that counterclaim; as so modified, the order, insofar as appealed from, is affirmed, without costs.
This holdover proceeding was commenced in October 2008 following the service of a 30-day notice, upon an allegation that the apartment was exempt from rent stabilization by virtue of *19 high-rent deregulation. Tenants answered, asserting that the apartment was subject to rent stabilization and counterclaiming for, among other things, rent overcharge, fraud and, as an eighth counterclaim, the attorney’s fees to be incurred in defending this proceeding. In September 2009, tenants were granted leave to amend their answer to assert a tenth counterclaim, for the attorney’s fees that they had incurred in defending a prior holdover proceeding that had been brought against them by landlord’s predecessor in interest. The prior proceeding had been dismissed sua sponte by the Civil Court on April 29, 2008, without prejudice, based on the prior landlord’s sale of the building. The dismissal order notes that tenants’ counterclaims in that proceeding, which included a counterclaim for the attorney’s fees which tenants had incurred in defending that proceeding, had been withdrawn without prejudice. Eight months after the prior proceeding had been dismissed, tenants moved to restore that proceeding to reinstate their counterclaim for attorney’s fees, and for summary judgment on that counterclaim. By order dated July 22, 2009, the Civil Court, noting that an award of attorney’s fees is generally appropriate only when a controversy has reached its ultimate outcome, that the instant proceeding had now been commenced by the current owner, and that tenants’ counterclaims had been withdrawn without prejudice, determined that the final outcome of the prior litigation was not substantially favorable to either side and denied tenants’ motion.
When the instant holdover proceeding came on for trial on March 22, 2010 after being marked “triple final” for that day, landlord’s attorney orally moved to discontinue the proceeding, acknowledging that landlord had “no case” and “can’t prevail.” Tenants’ attorney, noting that this was his fifteenth appearance in this proceeding over the course of a year and a half, asked the court to condition the discontinuance on landlord’s payment of attorney’s fees. The court declined to so condition the discontinuance, granted landlord’s application to discontinue the proceeding, with prejudice, and directed that the “counterclaims stand.” On May 26, 2010, when the matter came on for trial on tenants’ counterclaims, tenants discontinued all of their counterclaims without prejudice except for their eighth counterclaim, for the attorney’s fees they had incurred in defending this proceeding, and their tenth counterclaim, for the attorney’s fees they had incurred in defending the prior proceeding. Landlord thereafter moved to, among other things, dismiss *20 or sever tenants’ remaining two counterclaims, and tenants cross-moved for an award of summary judgment on the issue of liability on their counterclaims and to set the matter down for a hearing to determine the amount of attorney’s fees to be awarded. By order dated October 27, 2010, insofar as appealed from, the Civil Court, noting that the discontinuance of landlord’s underlying proceeding had not been conditioned upon landlord’s payment of attorney’s fees, granted the branch of landlord’s motion seeking to sever tenants’ eighth and tenth counterclaims and denied tenants’ cross motion. Tenants appeal from these portions of the Civil Court’s order.
As tenants were successful in defending this holdover proceeding, the proceeding having been discontinued with prejudice, the “controversy” over whether tenants’ apartment is rent stabilized has reached its “ultimate outcome” (Elkins v Cinera Realty, 61 AD2d 828 [1978]). Contrary to landlord’s contention, this controversy is separate, for the purpose of determining tenants’ entitlement to attorney’s fees, from the controversy over whether there has been a rent overcharge. Thus, tenants are entitled at this juncture to recover so much of their attorney’s fees as were reasonably incurred in defending this holdover proceeding. Consequently, tenants’ eighth counterclaim should not have been severed and the branch of their cross motion seeking summary judgment on the issue of liability on this counterclaim and to set the matter down for a hearing to determine the amount of fees to be awarded on this counterclaim should have been granted.
Tenants’ tenth counterclaim, seeking to recover the attorney’s fees tenants had incurred in defending the prior owner’s holdover proceeding, was not related to the current landlord’s proceeding and, thus, was not properly within the jurisdiction of the Housing Part to entertain (see Town Mgt. Co. v Leibowitz, 37 Misc 3d 49 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Consequently, the court properly severed that counterclaim for determination in a regular part of the court and denied the branch of tenants’ cross motion seeking summary judgment thereon without passing on its merits.
We modify the order accordingly.
Weston, J.R, Rios and Solomon, JJ., concur.