Fountains-Clove Road Apartments, Inc., Respondent, 
against
Mary Ann Gunther, Also Known as Mary Ann Dinger Gunther, as Surviving Issue of May Dinger, Deceased, Appellant, Mary Ann Gunther, Also Known as Mary Ann Dinger Gunther, and Robert Gunther, Also Known as Robert C. Gunther, Jr., Occupants-Appellants, and "John Doe," and "Jane Doe," Occupants.



Appeal from an order of the Civil Court of the City of New York, Richmond County (Kimberly S. Moser, J.), entered January 28, 2015, deemed from a final judgment of the same court entered January 28, 2015 (see CPLR 5512 [a]). The final judgment, insofar as appealed from, entered pursuant to the January 28, 2015 order granting the branch of landlord's motion seeking summary judgment on so much of the petition as sought an award of possession, granting landlord's separate motion for summary judgment dismissing the counterclaims, and denying a separate motion by Mary Ann Gunther and Robert Gunther for summary judgment dismissing the petition and on the counterclaims, awarded landlord possession and dismissed the counterclaims in a nonpayment summary proceeding.




ORDERED that the final judgment, insofar as appealed from, is modified by vacating the provision thereof dismissing the counterclaims, so much of the January 28, 2015 order as granted landlord's motion for summary judgment dismissing the counterclaims is vacated and that motion is granted only to the extent of severing the counterclaims; as so modified, the final judgment, insofar as appealed from, is affirmed, without costs.
Landlord, a residential cooperative corporation, commenced this nonpayment summary proceeding against Mary Ann Gunther (Gunther), as the surviving issue of May Dinger, the deceased shareholder and proprietary lessee (see RPAPL 711 [2]), and against Gunther, [*2]individually, and Gunther's son, Robert Gunther (collectively "occupants"), as undertenants, seeking possession of the subject co-operative apartment and rent arrears. Occupants interposed counterclaims for wrongful eviction and conversion. Insofar as is relevant to this appeal, landlord moved for, among other things, summary judgment on so much of the petition as sought an award of possession and, separately, for summary judgment dismissing the counterclaims, and occupants moved for summary judgment dismissing the petition and on the counterclaims. Occupants appeal from so much of an order of the Civil Court entered January 28, 2015 as granted the branch of landlord's motion seeking an award of possession and landlord's separate motion to dismiss the counterclaims, and denied occupants' motion. A final judgment was entered January 28, 2015 awarding landlord possession and dismissing the counterclaims and, in effect, so much of the petition as sought a monetary award. Occupants' appeal from the order is deemed to be from so much of the final judgment as awarded landlord possession and dismissed the counterclaims (see CPLR 5512 [a]).
The Housing Part of the Civil Court does not have jurisdiction over occupants' counterclaims for conversion or for wrongful eviction, which are unrelated to landlord's nonpayment claim (see Textile Tech. Exch. v Davis, 81 NY2d 56 [1993]), and, therefore, the court, rather than dismissing the counterclaims, should have severed them and ordered that they be continued as an action (see CPLR 407; Town Mgt. Co. v Leibowitz, 37 Misc 3d 49 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see also City of New York v Candelario, 223 AD2d 617 [1996]).
The purpose of a nonpayment summary proceeding is to allow a landlord to recover possession of real property based upon the tenant's failure to pay rent (see Patchogue Assoc. v Sears, Roebuck & Co., 37 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Here, in moving for summary judgment, landlord demonstrated, prima facie, that the tenant of record was deceased and that, in accordance with RPAPL 711 (2), it had properly commenced the proceeding against Gunther as the deceased tenant's surviving issue. Landlord also demonstrated that Gunther had been served with a rent demand as a prerequisite to the maintenance of this proceeding (see RPAPL 711 [2]). Finally, landlord demonstrated that no rent payments had been made since June 2010. Thus, landlord established, prima facie, its entitlement to summary judgment on so much of the petition as sought an award of possession.
Occupants' main argument with respect to the nonpayment claim is that Gunther and Dinger co-owned, as cotenants with rights of survivorship, the shares in the cooperative corporation that are appurtenant to the subject apartment, and that Gunther is a proprietary lessee, not merely the surviving issue of Dinger. While a claim that a respondent is the owner of the subject real property can be interposed as a defense to a nonpayment proceeding (see Chun Wah Lee v Insook Han, 39 Misc 3d 132[A], 2013 NY Slip Op 50480[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Decaudin v Velazquez, 15 Misc 3d 45 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]), there has been no allegation in this proceeding that Gunther owns the subject apartment. Rather, Gunther seeks to dispute whether the shares appurtenant to the apartment, which had originally been issued to Dinger and Gunther as cotenants with rights of survivorship, had properly been reissued solely to Dinger in 2002. We note that shares in a cooperative corporation are personal property, not real property (see Matter of State Tax Commn. v Shor, 43 NY2d 151 [1977]).
Gunther's status, whether as a tenant, as she claims, or the surviving issue of the deceased tenant, as pleaded by landlord, is ultimately irrelevant, as landlord did not recover a monetary award and occupants did not rebut landlord's proof that rent had not been paid and that Gunther had been served with a rent demand. Thus, occupants failed to demonstrate that landlord's motion for summary judgment on the petition should have been denied or that occupants' motion for summary judgment dismissing the petition should have been granted.
Occupants' remaining contentions either lack merit or need not be considered in light of the foregoing determination.
Accordingly, the final judgment, insofar as appealed from, is modified by vacating the [*3]dismissal of the counterclaims, so much of the January 28, 2015 order as granted landlord's motion for summary judgment dismissing the counterclaims is vacated and that motion is granted only to the extent of severing the counterclaims.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 06, 2017