Aimco 240 West 73rd Street, LLC, Petitioner-Landlord-Appellant, 
against
Samuel Koren, Respondent-Tenant, - and - Frida Koren, Respondent-Occupant.



Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered on or about July 20, 2016, after a nonjury trial, which awarded possession to respondent-occupant Frida Koren in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered on or about July 20, 2016, affirmed, without costs.
Giving due deference to the trial court's findings of fact and credibility, we find no cause to disturb the court's determination that respondent-occupant Frida Koren was a "permanent tenant" of the subject hotel accommodation (Rent Stabilization Code [9 NYCRR] § 2520.6[j]). The trial evidence showed, and the court found, that respondent, her then-husband and their two sons began residing in the premises in August 1986; the family lived openly in the subject unit and paid rent in person at the front desk for years; the manager of the building during the period 1982 to 2000 recognized respondent and her family as the tenant of the subject accommodation; and that respondent "occupied the subject building as her principal residence for almost 30 years." Thus, respondent qualifies as a "permanent tenant" - a term broadly defined in the Code as "an individual or such individual's family members residing with such individual, who have continuously resided in the same building as a principal residence for a period of at least six months" (RSC 2520.6[j]; see Einhorn v McCloud, 57 Misc 3d 139[A], 2017 NY Slip Op 51323[U] [App Term, 1st Dept 2017]; 25 W. 24th St. Realty Corp. v Gianquinto, 55 Misc 3d 28 [2017]; Kanti-Savita Realty Corp. v Santiago, 18 Misc 3d 74 [2007]).
Landlord's contention that the family entered into the premises illegally in 1986 is unavailing, inasmuch as the prior manager testified that he recognized the family as the tenant [*2]and accepted rent from them for many years. Indeed, upon respondent's divorce, her son, Stephen, was permitted to register as the tenant. We have considered landlord's remaining arguments and also find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 26, 2018