Dexter 345, Inc., Petitioner-Landlord-Appellant,
against
Julie Hanlon, Respondent-Tenant-Respondent, and Tom Hanlon, Respondent-Undertenant-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Peter M. Wendt, J.), entered on or about February 27, 2017, after a nonjury trial, which dismissed the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Peter M. Wendt, J.), entered on or about February 27, 2017, modified by reinstating the holdover petition against respondent Julie Hanlon, and remanding the matter to Civil Court for issuance of a decision with respect to the possessory claims against said respondent; as modified, final judgment affirmed, with $25 costs to respondent Tom Hanlon.
We find no cause to disturb the court's determination, after a lengthy trial, that respondent Tom Hanlon is a "permanent tenant" of the subject hotel dwelling unit (Rent Stabilization Code [9 NYCRR] §2520.6[j]). It was essentially undisputed at trial that this respondent, brother of tenant of record Julie Hanlon, began residing in the premises no later than 2010, living openly in the subject unit with the knowledge of landlord's employees, and tendering money orders for the rent. Thus, he qualifies as a "permanent tenant" - a term broadly defined in the Code as "an individual or such individual's family members residing with such individual, who have continuously resided in the same building as a principal residence for a period of at least six months" (see Aimco 240 W. 73rd Street, LLC v Koren, 59 Misc 3d 127[A], 2018 NY Slip Op 50384[U] [App Term, 1st Dept 2018]; Einhorn v McCloud, 57 Misc 3d 139[A], 2017 NY Slip [*2]Op 51323[U] [App Term, 1st Dept 2017]; Kanti-Savita Realty Corp. v Santiago, 18 Misc 3d 74 [2007]).
With respect to respondent Julie Hanlon, the trial court failed to comply with the mandate of CPLR 4213(b) when it rendered a decision that left "unaddressed and unresolved" the landlord's claim that tenant did not maintain the subject premises as her primary residence (see Weckstein v Breitbart, 111 AD2d 6,8 [1985]). Given that the "contentions of the parties differ very sharply" (Power v Falk, 15 AD2d 216, 217 [1961]), and the trial court made no findings of fact or credibility with respect to nonprimary residence, this Court will not make its own findings of fact but rather, in the interest of justice, hold this portion of the appeal in abeyance and remand the matter for issuance of a decision resolving that issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 04, 2018