459 Webster Avenue, LLC, Respondent,
against
Marlon Green and Annadelle Williams, Appellants. 




Andrew M. Romano, Esq. (Robert F. Zerilli of counsel), for appellants.
Lichtenstein & Schindel (Sande E. Lichtenstein of counsel), for respondent.

Appeal from a final judgment of the City Court of New Rochelle, Westchester County (Susan I. Kettner, J.), entered February 9, 2018. The final judgment, after a nonjury trial, awarded petitioner possession and the sum of $28,000 in a nonpayment summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the City Court for the entry of a final judgment dismissing the petition.
The petition in this nonpayment proceeding alleges that occupants entered into possession pursuant to "a certain lease made on or about August 10, 2013" and that, pursuant to that lease, they had agreed to pay a monthly rent of $4,000. Occupants defended on the ground, in essence, that they were vendees in possession and, in a "counterclaim," alleged that they are the constructive owners of the premises. Occupants appeal from a final judgment, after a nonjury trial, which awarded petitioner possession and the sum of $28,000. 
It is well settled that a nonpayment proceeding lies only where there is a landlord-tenant relationship between the parties and there has been a default "in the payment of rent, pursuant to the agreement under which the premises are held" (RPAPL 711 [2]; see e.g. Kimball Ave. Assoc., LLC v Walsh, 43 Misc 3d 135[A], 2014 NY Slip Op 50660[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; Strand Hill Assoc. v Gassenbauer, 41 Misc 3d 53 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). At trial, petitioner did not demonstrate that there was any agreement between the parties, express or implied, let alone one providing for a monthly rent of $4,000 or one that was entered into in August 2013. Thus, petitioner did not establish its prima facie case, and the petition must be dismissed (see Rutland Rd. Assoc., L.P. v Grier, 55 Misc 3d 128[A], 2017 NY Slip Op 50370[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; 402 [*2]Nostrand Ave. Corp. v Smith, 19 Misc 3d 44 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
While occupants argue on appeal that they are entitled to judgment on their "counterclaim" alleging that they are the constructive owners of the premises, the "counterclaim" did not contain a specific demand for relief (see CPLR 3017 [a]). Assuming that the counterclaim sought a declaration that occupants were the owners of the premises, we note that "title cannot be determined as an affirmative claim in the context of a summary proceeding" (Chun Wah Lee v Insook Han, 39 Misc 3d 132[A], 2013 NY Slip Op 50480[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]; cf. also Town Mgt. Co. v Leibowitz, 37 Misc 3d 49 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Decaudin v Velazquez, 15 Misc 3d 45 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]) and, under the circumstances, it is not necessary to consider occupants' claim to title to determine the right to present possession (see generally Chopra v Prusik, 9 Misc 3d 42 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). 
Accordingly, the final judgment is reversed and the matter is remitted to the City Court for the entry of a final judgment dismissing the petition. 
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 15, 2019