West 152nd Associates, L.P., Petitioner-Landlord-Appellant, 
against
Malang Gassama, Respondent-Tenant-Respondent.




Landlord appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about September 24, 2018, after a nonjury trial, which dismissed the petition without prejudice in a nonpayment summary proceeding, and (2) an order (same court and Judge), dated November 7, 2018, which denied its CPLR 4404 motion to set aside the final judgment.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about September 24, 2018 and order (Jack Stoller, J.), dated November 7, 2018, affirmed, with one bill of $25 costs.
Landlord entered into a series of four one-year "license agreements" with tenant from 2013-2017 related to an allegedly unregulated basement apartment. These agreements expressly stated that they were not leases, granted no tenancy rights to tenant and required payment of monthly "license fees," not rent. Immediately after tenant discovered that the premises were rent stabilized and filed a pro se overcharge complaint at DHCR, landlord abruptly reversed course, deemed tenant a stabilized tenant and, without waiting for DHCR to determine the legal rent, unilaterally rolled back the "rent" to the amount of the "license fee" it had charged tenant in the initial license agreement in 2013, i.e., $1,550 per month. Landlord also offered a renewal lease that tenant refused to sign, on grounds that the rent in that lease was not the legal rent.
Two weeks later, landlord commenced the instant nonpayment proceeding, alleging that the subject apartment is rent stabilized and that tenant has a written lease requiring him to pay $1,550 each month as rent. Following a trial, Civil Court dismissed the petition without prejudice, concluding that landlord "failed to show any lease with a rental amount of $1,550 for the time period for which [landlord] seeks a judgment." Landlord appeals, and we now affirm.
A nonpayment proceeding can be maintained only to collect rent owed pursuant to an agreement between the parties (see East Harlem Pilot Block Bldg. IV HDFC Inc. v Diaz, 46 Misc 3d 150[A], 2015 NY Slip Op 50289[U][App Term, 1st Dept 2015]), and here landlord failed to meet its burden to establish the existence of an agreement to pay the rent demanded in the petition, for the period sought in the petition (see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969]; 402 Nostrand Ave. Corp.v Smith, 19 Misc 3d 44 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Nor is there any basis to hold tenant contractually liable for rent in the [*2]amount set forth as a license fee in an expired license agreement. Further, in view of tenant's continuing challenges to the legality of the rent charged, no implied agreement to pay this rent can be found (see Pald Enters. v Gonzalez, 173 Misc 2d 681 [App Term, 2d Dept 1997]).
The Court also properly rejected landlord's claim that tenant became a month-to-month tenant after the expiration of the November 2014 license agreement, since that document expressly indicated that "the rights of the Licensee shall not be deemed to be or construed as a month-to-month tenancy...." Moreover, even assuming that a month-to-month tenancy was created following expiration of the license agreement, there was no agreed rental amount for any month ensuing after tenant ceased paying rent (see Krantz & Phillips, LLP v Sedaghati, 2003 NY Slip Op 50032[U] [App Term, 1st Dept 2003]).
We have considered landlord's remaining contentions and find them unpersuasive. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 04, 2019