(17 Misc. Rep. 728)

BOYD v. AUCHTERLONIE. SAME v. SAMETZ. SAME v. PINNEY. *

(Second District Court of New York City. August 4, 1896.)

1. SUMMARY PROCEEDINGS—TITLE OF PETITIONER.
Code Civ. Proc. § 2235, providing that summary proceedings may be maintained by the "landlord or lessor of the demised premises; * * * or by the legal representative, agent, or assignee of the landlord, purchaser, or other persons so entitled to apply," does not authorize a lessor, after conveyance of the demised premises, to maintain such proceedings, as his relation of landlord ceases with the conveyance; and it is immaterial that the deed contained the usual full covenants, requiring delivery of possession to the grantee.[1]

2. SAME—DISPUTING LANDLORD'S TITLE.
In summary proceedings a defense that petitioner, after making the lease, conveyed the premises to a third person, does not dispute the landlord's title.

Summary proceedings by Robert Boyd against Alexander J. Auchterlonie, and by the same plaintiff against William F. Sametz, and by the same plaintiff against Frederick H. Pinney.    Dismissed.

Henry Daily, Jr., for petitioner.
Walter I. McCoy, for the tenants.

GOLDFOGLE, J.    These summary proceedings were instituted to recover possession of the premises Nos. 30 and 32 Elm street, in the city of New York, upon the alleged ground that the tenants held over and continued in possession of them without the permission of the landlord.    They were instituted by Robert Boyd, who avers that at the time of the letting he was the owner of the property, and that the several leases made by him to the respective tenants terminated before the instituting of these cases.    The tenants aver in their respective answers that on the 16th day of July, 1896, and before the commencement of these proceedings, the petitioner conveyed the property to the New York Life Insurance Company, and that the deed to the latter was delivered, and thereafter recorded in the office of the register of this county.    This fact is conceded by the petitioner, and the question arises, can the proceedings be maintained in the name of Boyd, the grantor?    It is true that the tenant

---

[1] In Griffin v. Clark, 33 Barb. 46, it appeared that plaintiff, Mary Griffin, and Benjamin Stevens, as owners of certain premises in New York City, leased the same to one Whitney, who assigned the lease to defendant. Afterwards Stevens died intestate, and his heirs conveyed to plaintiff their interest in the premises, which they had inherited from said Stevens, and assigned to her all their interest in the lease. Defendant defaulted in the payment of rent, and plaintiff instituted summary proceedings against him. It was objected that plaintiff could not, alone, maintain the proceeding. The court, by Ingraham, J., in passing on this question, said: "The only party who could commence these proceedings was the plaintiff. At the time of commencing them, she was the owner of the whole estate in the premises. The heirs of Stevens had ceased to be landlords, by conveyance to Mrs. Griffin. If she could not conduct the proceedings as sole landlord, no other person could be joined with her, because no one else had any title to the premises. The statute directs the proceedings to be taken by the landlord, and no person but the one entitled to possession can obtain the final order from the justice."

cannot controvert the title of his landlord, nor draw its validity into question, in these proceedings; but the averment that, after the relation of landlord and tenant was formed between Boyd and the respondents, the former conveyed away his interest to a third person, is not disputing the title of the lessor, nor is such averment an allegation controverting the title of the original lessor. The statute [1] permits these proceedings to be instituted, not alone by the original lessor, but by his representatives or grantees. It contemplates the cases where, after a lease has been made, the landlord conveys away his interest in the premises. There the proceedings must be had in the name of such grantee, for the original lessor no longer has an interest in the premises. Upon the conveyance by Mr. Boyd to the New York Life Insurance Company, the relation of landlord and tenant attached, as between that company and Mr. Boyd's lessees. If the latter, for the act of holding over after the expiration of their terms, are to be treated as trespassers, every remedy that can be invoked as against a trespasser would lie in the name of the New York Life Insurance Company; but, if they are to be treated as tenants holding over after the expiration of their respective terms, the deed to the company gave the latter ample warrant to apply for the removal of the tenants under the statute relating to summary proceedings. In these proceedings it must appear that the tenant is holding over after the expiration of his term, without the permission of the landlord. Suppose, after Boyd delivered his deed to the New York Life Insurance Company, the latter had assented to the tenant remaining in possession; could Boyd petition for the removal of the tenants, upon the ground that their tenancies had expired? This is but one of the many instances that could be cited to show that a lessor who has parted with his entire estate cannot institute proceedings for the removal of the lessee. As well might it be claimed, if a tenant's lease had expired, say on May 1st, that the original lessor, who had theretofore conveyed his interest away to a third party, could a year afterwards petition for the removal of the lessee upon the ground that the term of the original lease had expired, notwithstanding the fact that the grantee was content to permit the tenant to remain in possession, or had contracted for the renewal of the term. It must steadily be borne in mind that one of the essential elements in these proceedings is that the tenant remains and continues in possession of the premises without the permission of his landlord or his assigns. When Boyd delivered the deed to the New York Life Insurance Company, he divested himself of all title to the premises; and the rights of landlord, as respects these tenants, were

---

[1] Code Civ. Proc. § 2235, provides as follows: "The application may be made by the landlord or lessor of the demised premises; the purchaser upon the execution or foreclosure sale; the person forcibly put out or kept out; the person with whom, as owner, the agreement was made, or the owner of the property occupied under an agreement, to cultivate the property, upon shares, or for a share of the crops; or the person lawfully entitled to the possession of the property intruded into or squatted upon, as the case requires; or by the legal representative, agent or assignee of the landlord, purchaser or other person so entitled to apply."

transferred, by operation of the conveyance, to the grantee. Of what value, then, could be a warrant commanding the officer to put the petitioner into the possession of the premises?

It was argued by the learned counsel for the petitioner that Boyd's deed to the company contained the usual full covenants, and that Boyd was in duty bound, by force of these covenants, to deliver possession of the premises to his grantee. This does not aid the petitioner. The legal title had passed out of Boyd upon the delivery of the conveyance. The cases in which it was held that after a contract of sale, or after a conditional sale, these proceedings might be maintained in the name of the original lessor, do not apply. In Miller v. Levi, 44 N. Y. 492 (Hunt, C., delivering the opinion), the commission of appeals said:

"The plaintiff remained the owner of the premises. Although he had made a contract of sale to Alexander & Black, the sale had not been consummated by the delivery of the deed. Indeed, the sale was conditioned upon the delivery of possession; and the vendees refused to accept the deed, or to execute their mortgage, until the possession of the premises was delivered to them. Some of the cases intimate that on the occurrence of a sale this relation exists between the tenant and the purchaser, and that proceedings under this act may be instituted by the latter. None of them, however, intimate that the proceeding may not be taken in the name of the original lessor, he still retaining the legal title."

This rather strongly implies that if the sale had been consummated, and the title passed, the proceedings could not be taken in the name of the original lessor. In Gardner v. Keteltas, 3 Hill, 332, the question arose as to whether a lessee could, by virtue of his lease, institute proceedings against a former lessee, whose term of tenancy had expired; and the court there held that, if the premises had been wrongfully withheld by the first lessee, the subsequent lessee could institute the proceedings; Nelson, C. J., saying:

"The latter being clothed with the title by virtue of the lease, it belongs to him to pursue such legal remedies as the law has provided for the gaining of it, whether few or many."

If the term of tenancy expired on the 1st day of May, as alleged in the petition, these proceedings should have been brought in the name of the New York Life Insurance Company. If the term is still outstanding, it is to the company that the tenants must attorn; it is to the company that possession must be surrendered. If the term has not expired, it is the company who alone can insist upon possession, and to a right to that process of law which, through its force, will permit it to enter upon the land and eject the tenants therefrom. The petitioner, by his deed, divested himself of the right to maintain these proceedings. The law transferred the remedy to the grantee when the deed of Boyd, by its delivery, became absolute.

For the reasons I have herein indicated, and for these alone, the proceedings must be dismissed.