Mbmobaitdum. The order of the Appellate Division should be affirmed. Section 232-c of the Beal Property Law changes the common-law rule relating to creation of a holdover tenancy. *993 It provides that the mere holding over by a tenant whose term is longer than one month does not allow the landlord to create a holdover tenancy without his acceptance of rent from the holding over tenant. The language in the statute “ unless an agreement either express or implied is made providing otherwise ” refers only to extension of the duration of the holdover tenancy beyond a tenancy from month to month. In this case the landlord did not accept any rent and, indeed, none was offered. Hence, no holdover tenancy was created and the landlord’s remedy is limited to removal of the tenant and damages, both incidental and for use and occupation. An action for nonpayment of rent, based on a notice purporting to fix a rent, never agreed upon by tenant and never paid by tenant, does not lie, there being no tenancy in fact or at law obligating the tenant for such rent.
'Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keattng, Breitel and Jasen concur.
Order affirmed, with costs, in a memorandum.