OPINION OF THE COURT
David B. Saxe, J.
Can a tenant who has delayed and avoided ejectment from his apartment (1) by twice filing for bankruptcy and (2) pursuant to an evaluation instituted on his behalf by the New York City Protective Services for Adults now avoid ejectment because in between the order of ejectment and the present, the premises were conveyed to a new owner? Put another way, may the new owner enforce the judgment of ejectment in the absence of being a party in whose favor the order of ejectment runs?
The defendant tenant moves to vacate or stay enforcement of the orders previously obtained in this case, on a number of grounds. One argument relies upon an 1896 decision issued by *958 the then equivalent of our landlord-tenant court in Boyd v Sametz (17 Misc 728), in which it was held that where title was conveyed to another owner after a lease was entered into, a summary proceeding must be brought in the name of the current owner.
Here, the action was properly commenced, and a judgment properly obtained, by the then owner. The current owner merely seeks to enforce the order obtained by the prior owner.
Real Property Law § 223 states: "The grantee of leased real property * * * has the same remedies, by entry, action or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent * * * or for other cause of forfeiture as his grantor * * * would have had, if the reversion had remained in him.” Therefore, the new owner succeeds to the rights and remedies possessed by the prior owner. The new owner in this case is therefore entitled to eject the defendant tenant without commencing a whole new proceeding. But, may it obtain enforcement of the order of ejectment in the name of the prior owner rather than in its own name?
In Home Owners’ Loan Corp. v McShane (184 Misc 579 [App Term, 2d Dept 1945]), a landlord obtained an order dispossessing a tenant. However, the issuance of the warrant was stayed for over five months, and a successor landlord had taken over ownership before the warrant was issued. Rejecting the tenant’s challenge, the court held that the successor landlord succeeded to the right of the prior landlord to issuance of the warrant of eviction, but that the successor must be substituted as plaintiff in order to proceed.
CPLR 1018 provides that "Upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action.” In this instance, a joinder of Wung, Inc. is appropriate. Such joinder does not require a new determination on the merits regarding the owner’s right to eject defendant tenant; the new owner fully succeeded to that right. The joinder is a formality which simply permits the appropriate party to enforce rights under a prior order.
The other grounds raised in support of vacatur are rejected as without merit, and the other forms of relief sought by the moving defendant, such as dismissal of the action, are denied. The cross motion is granted to the foregoing extent; Wung, Inc. is hereby joined as a party plaintiff. Counsel for the plaintiff is *959 directed to serve a copy of this order upon the clerk of the court and the trial support office, and each is directed to amend their records to reflect the change in the caption. Thereafter, plaintiff may submit a new order of ejectment bearing the correct amended caption.