OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
*506 The record indicates that it was the longstanding practice of the prior owner to accept rent payments from the Department of Social Services (DSS) on behalf of tenant and indeed that this had been the practice from the inception of the tenancy six years before the commencement of this proceeding. Where, as here, the premises is rent stabilized, the prior owner’s agreement from the commencement of the tenancy to accept DSS payments formed a condition of the tenancy which could not be unilaterally altered or withdrawn by either the prior or the current owner (see, Rent Stabilization Code [9 NYCRR] § 2503.5 [a]; Matter of Byrd v Nilson, DHCR Docket No. PK910001RV, Dec. 11, 2001; cf., Flumaj v Ferry, NYLJ, Mar. 5, 1996, at 29, col 5 [App Term, 9th & 10th Jud Dists] [where there is no history of acceptance of DSS payments by an owner, the owner is not required to accept such payments]). Inasmuch as the default in rent involved here was engendered by landlord’s improper refusal to comply with the DSS requirements for the payment of rent, the petition is dismissed (Starrett City v Hamilton, NYLJ, Feb. 21, 1991, at 27, col 6 [App Term, 2d & 11th Jud Dists]).
Floyd, P.J., and Doyle, J., concur; Colabella, J., taking no part.