OPINION OF THE COURT
Memorandum.
Order unanimously affirmed with $10 costs.
In this nonpayment proceeding, tenant moved to dismiss, claiming, amongst other things, that she is a recipient of section 8 assistance and that the rents sought consist solely of the section 8 portion of the rent. Landlord cross-moved for summary judgment, claiming that it had discontinued its participation in the section 8 voucher program and had so notified tenant, and that the parties had renewed only tenant’s lease and not the section 8 agreement (cf. 7 Highland Mgt. Corp. v McCray, 9 Misc 3d 129[A], 2005 NY Slip Op 51530[U] [App Term, 9th & 10th Jud Dists 2005]). In opposition to landlord’s cross motion, tenant showed, inter alia, that landlord is a recipient of a ‘NI-SI” tax abatement under what is now section 11-243 of the Administrative Code of the City of New York, and argued that, as a consequence, landlord could not validly discontinue its participation in the section 8 program. Subdivision (k) of section 11-243 provides that a landlord shall not deny a dwelling accommodation in a property receiving such an abatement to any person because of his “being eligible for a governmentally funded housing assistance program, including, but not limited to, the section 8 housing voucher program.”
As a general rule, a party that accepts the benefit of a statute is estopped from seeking to avoid the obligations imposed by the statute (see Pavone v Aetna Cas. & Sur. Co., 91 Misc 2d 658, 662-663 [1977]; 31 CJS, Estoppel and Waiver § 124). Thus, since landlord receives the benefit of the J-51 program, it may not avoid its obligation under the program to accept section 8 subsidy payments on behalf of tenant. Landlord’s contention that subdivision (k) of section 11-243 requires it to accept the assisted tenant but not her voucher cannot be sustained, for it would have the effect of rendering the antidiscrimination provision meaningless (cf. Estevez v Cosmopolitan Assoc., LLC, 2005 WL 3164146, *4, 2005 US Dist LEXIS 29844, *11 [ED NY 2005] [under a federal statute giving section 8 enhanced-voucher tenants the right to remain in the project, landlord was obligated *39 to accept the tenants’ vouchers because otherwise “the protection the statute was enacted to afford would be eliminated”]; Jeanty v Shore Terrace Realty Assn., 2004 WL 1794496, 2004 US Dist LEXIS 15773 [SD NY 2004] [same]). Accordingly, since landlord was not within its rights in refusing to accept or credit section 8 subsidy payments on behalf of tenant and since landlord’s actions engendered the rent default, if any, this proceeding must be dismissed (see e.g. Jandson Realty Corp. v Rogers, 192 Misc 2d 505 [App Term, 9th & 10th Jud Dists 2002]; Starrett City v Hamilton, NYLJ, Feb. 21, 1991, at 27, col 6 [App Term, 2d & 11th Jud Dists]; see also Franklin Tower One, L.L.C. v N.M., 157 NJ 602, 725 A2d 1104 [1999]).
We do not reach the issue of whether landlord could opt out of the section 8 subsidy program were it not currently receiving the benefits of the J-51 program.
Pesce, EJ., Golia and Belen, JJ., concur.