OPINION OF THE COURT
Memorandum.
Appeal from so much of the order dated October 8, 2004 as awarded tenant partial summary judgment Hmiting landlord to *3 seeking a nonpossessory judgment for use and occupancy for the period from March 2001 until December 2003 dismissed as moot.
Order dated October 8, 2004, insofar as reviewed, affirmed without costs.
Order dated April 29, 2005 modified by striking the direction to landlord to accept tenant’s tender of checks totaling $5,932.40; as so modified, affirmed without costs.
Landlord commenced this nonpayment proceeding seeking to recover arrears in rent and/or use and occupancy for the period from July 1999 through February 2004 from tenant, who succeeded to the rent-stabilized apartment upon her mother’s death in March 2001. In the order dated October 8, 2004, tenant was awarded partial summary judgment dismissing landlord’s claim for the arrears accruing prior to her mother’s death and limiting landlord to seeking a nonpossessory judgment for the period from March 2001 until December 2003. With respect to the latter period, the court found that landlord had deliberately refused to give tenant a proper renewal lease until December 2003, despite a July 2002 order of the Division of Housing and Community Renewal directing landlord to do so. It further found that landlord’s failure to give tenant a proper renewal lease resulted in tenant’s inability to arrange for the Department of Social Services (DSS) to pay the arrears. In the order of April 29, 2005, the court directed landlord to accept tenant’s tender of DSS checks for all arrears from December 2003 to date and dismissed the proceeding.
On this appeal, landlord does not specifically challenge the court’s dismissal of its claim for the arrears accruing prior to tenant’s mother’s death. In any event, this determination was correct (see Edelstein & Son, LLC v Levin, 8 Misc 3d 135[A], 2005 NY Slip Op 51190[U] [App Term, 1st Dept 2005]). The appeal from the remainder of the October 8, 2004 order, which limited landlord to seeking a nonpossessory judgment for use and occupancy for the period from March 2001 through December 2003, has been mooted by the subsequent dismissal of the proceeding, which dismissal we affirm.
The dismissal of this nonpayment proceeding based upon tenant’s tender of all arrears accruing from December 2003 was correct. Because landlord refused to offer tenant a proper lease prior to December 2003, there was no agreement and no landlord-tenant relationship between the parties prior to that date (see 245 Realty Assoc. v Sussis, 243 AD2d 29, 35 [1998] *4 [“the successor-in-interest is not yet a tenant”]; Paid Enters. v Gonzalez, 173 Misc 2d. 681 [App Term, 2d & 11th Jud Dists 1997]; see also Stern v Equitable Trust Co. of N.Y., 238 NY 267, 269 [1924] [“(t)he relation of landlord and tenant is always created by contract, express or implied, and will not be implied where the acts and conduct of the parties negative its existence”]; but cf. 428 E. 66th St. LLC v Meirowitz, 12 Misc 3d 141[A], 2006 NY Slip Op 51364[U] [App Term, 1st Dept 2006]). It is elementary that a nonpayment proceeding must be predicated on a default in rent owed “pursuant to the agreement under which the premises are held” (RPAPL 711 [2]; see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991, 993 [1969]; United Sec. Corp. v Suchman, 307 NY 48 [1954]; Licht v Moses, 11 Misc 3d 76 [App Term, 2d & 11th Jud Dists 2006]). Thus, once the post-December 2003 arrears were tendered, this nonpayment proceeding could not be maintained solely for the pre-December 2003 use and occupancy (see Cuomo v Jeffrey Carpet Co., NYLJ, June 16, 1998, at 29, col 6 [App Term, 9th & 10th Jud Dists]; Salmon v Wood, NYLJ, Dec. 18, 1996, at 29, col 4 [Civ Ct, Kings County]) since, in a summary proceeding, a monetary award in favor of landlord can only be made concomitant with an award of possession (Four Forty-One Holding Corp. v Bloom, 148 Misc 565 [App Term, 1st Dept 1933]) and a possessory judgment could no longer be awarded to landlord. Moreover, the dismissal of the nonpayment proceeding upon the tender of the post-December 2003 arrears was also proper because it was the wrongful.breach by landlord of its duty to give tenant a lease which engendered the default in the period prior to December 2003, thus precluding the maintenance of a summary proceeding to recover the pre-December 2003 arrears (see e.g. Cosmopolitan Assoc., L.L.C. v Fuentes, 11 Misc 3d 37 [App Term, 2d & 11th Jud Dists 2006]; Jandson Realty Corp. v Rogers, 192 Misc 2d 505 [App Term, 9th & 10th Jud Dists 2002]).
The court’s direction to landlord to accept tenant’s tender is stricken because the court did not have jurisdiction to enjoin landlord to accept such funds (CCA 209 [b]; Wren Props, of Nassau v Taveras, NYLJ, Oct. 4, 1999, at 32, col 3 [App Term, 2d & 11th Jud Dists]), and landlord was within its rights in refusing to do so.