OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
In this nonpayment proceeding, landlord seeks to recover rent arrears for February 2010 through March 2011, alleging that tenant owes these arrears pursuant to a written rental agreement. In support of a motion to dismiss the petition, tenant established that his mother, the former tenant of record of the subject rent-stabilized apartment, had died in December 2009; that landlord had not consented to give tenant a renewal lease until June 13, 2011; and that the renewal lease was to be effective retroactively to May 1, 2011. Tenant argued that a nonpayment proceeding cannot be maintained for the rents which had accrued prior to the effective date of this renewal lease, as a nonpayment proceeding may be maintained only to collect rent owed pursuant to an “agreement” between the parties (RPAPL 711 [2]), and here there was no agreement in effect until May 2011 (citing 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). Landlord opposed the motion, arguing, among other things, that tenant’s rights and obligations are retroactive to the time of his mother’s death.
As this court held in 615 Nostrand Ave. Corp. v Roach, a nonpayment proceeding can be maintained only where there is a landlord-tenant relationship between the parties, and must be predicated on an agreement to pay rent (RPAPL 711 [2]). Because a successor in interest is not a tenant until he becomes a party to a lease or rental agreement (see Rent Stabilization Code [9 NYCRR] § 2520.6 [d] [defining a “tenant” as a “person . . . named on a lease as lessee ... or who is ... a party . . . to a rental agreement and obligated to pay rent for the use and *55 occupancy of a housing accommodation”]; 245 Realty Assoc. v Sussis, 243 AD2d 29, 35 [1998]), and because tenant did not become a party to the lease until after the arrears sought had accrued, a nonpayment proceeding does not lie to recover these arrears. Thus, we affirm the order dismissing the petition without prejudice to landlord’s commencement, if landlord be so advised, of a plenary action to recover the arrears.
Solomon, J.E, Pesce and Aliotta, JJ., concur.