OPINION OF THE COURT
Scott Fairgrieve, J.
Respondents move for an order seeking to dismiss the petition for failure to name the landlord in the lease pursuant to RPAPL 721 and 741. Respondents state that the proceeding should have been brought in the name of the landlord set forth in the lease, namely C and C Real Investors, LLC.
Petitioners have commenced a nonpayment proceeding to recover the premises located at 3 Lawnside Drive, Hicksville, New York from respondents who owe $24,100. The lease dated February 20, 2014 identifies C and C Real Investors, LLC as the landlord. The lease was executed as follows:
2/20/14 Date
C and C Real Investors, LLC Landlord or Landlord’s Agent
The three-day notice to tenant, dated August 27, 2015, attached to the petition indicates that $22,200 is owed and is executed by “Landlord: Bima Robles.”
The notice of petition and petition, both dated September 29, 2015, have the following caption:
BIMA ROBLES, AND C AND C REAL INVESTORS LLC., AGENT FOR LANDLORD, Petitioner (Landlord) -against-CONSTANTINE MARGARITIS, Respondent (Tenant) and CHARITY MAE RUIZ, Respondent (Under-Tenant)
Address:
3 Lawnside Drive - WHOLE HOUSE Hicksville, New York 11801
*525 Paragraph two of the petition states that respondent Constantine Margaritis entered into a “MONTH TO MONTH WRITTEN rental agreement made on or about February 1, 2014, between Respondent as tenant and Petitioner as Landlord.”
The proceeding has been commenced by Bima Robles and C and C Real Estate Investors LLC., agent for landlord.
In opposition, petitioners submit the certified deed dated January 3, 2007, establishing that Bima Robles is the owner of the premises. The rent demand, dated August 27, 2015, is signed by Bima Robles as landlord.
Do Bima Robles and C and C Real Investors LLC., agent for landlord, petitioners (landlord), have standing to commence this nonpayment proceeding?
The answer is in the negative. RPAPL 721 states:
“§ 721. Person who may maintain proceeding
“The proceeding may be brought by:
“1. The landlord or lessor . . . .”
A nonpayment proceeding is based upon a rental agreement between the landlord and tenant. See 265 Realty, LLC v Tree (39 Misc 3d 150[A], 2013 NY Slip Op 50974[U], *2-3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), wherein the court stated:
“Thus, there was no lease in effect after August 31, 2009. Since there was no payment and acceptance of rent after the expiration of the last lease on August 31, 2009, no month-to-month tenancy was created (Real Property Law § 232-c; see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969]; cf. Samson Mgt., LLC v Hubert, 92 AD3d 932). Because a nonpayment proceeding must be predicated on a rental agreement that is in effect at the time the proceeding is commenced (Matter of Jaroslow, 23 NY2d 991; 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1 [App Term, 2d, 11th & 13th Jud Dists 2006]; Licht v Moses, 11 Misc 3d 76 [App Term, 2d & 11th Jud Dists 2006]) and no rental agreement was in effect (see Paid Enters. v Gonzalez, 173 Misc 2d 681 [App Term, 2d & 11th Jud Dists 1997]; cf. Stern v Equitable Trust Co. of N.Y., 238 NY 267, 269 [1924] [‘the relation of landlord and tenant is always created by contract, express or implied, and will not be implied where the acts *526 and conduct of the parties negative its existence’]), the petition must be dismissed. Consequently, landlord’s application for attorney’s fees must also be denied.”
Similarly the court in Underhill Ave. Realty, LLC v Ramos (49 Misc 3d 155[A], 2015 NY Slip Op 51804[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]) dismissed the proceeding because no rental agreement was in effect during the period in question because the landlord’s predecessor had refused to issue a renewal lease to tenant.
In the case at bar, the lease is between landlord C and C Real Investors, LLC and Constantine Margaritis. The name of Bima Robles does not appear in the lease, either as landlord or signatory.
The relationship of the landlord/tenant is based upon agreement (privity of contract) and transfer of possession (privity of estate). (See New Amsterdam Cas. Co. v National Union Fire Ins. Co., 266 NY 254 [1935].) There is no relationship of privity of contract and privity of estate between the petitioners and respondent.
Since there is no privity between the parties, this proceeding must be dismissed. In 3414 KNOS LLC v Bryant (NYLJ, Jan. 12, 2011 at 25 [Civ Ct, Bronx County 2011]), the proceeding was brought by the owner of the property and not the leaseholder. The court held that the owner of the property had no privity with the tenant requiring the proceeding to be dismissed. This mistake or oversight was not amendable. The court stated:
“It is conceded by petitioner that 3414 KNOS LLC, is not the proper party to this proceeding. Petitioner admits that a mistake was made by counsel for petitioner in drafting the petition. Inadvertently counsel used the name of the owner of the property instead of the leaseholder. Although strict compliance is the standard of summary eviction proceedings, the courts consider some defects amendable. “While this is an oversight, it is not amendable. 3414 KNOS LLC had no right to institute the proceeding against respondent in order to obtain possession. There must be privity between the parties. See New Amsterdam Casualty Co. v National Union Fire Ins. Co. of Pittsburg, Pa., 266 NY 254, 194 N.E. 745, 99 A.L.R. 216 (1935).” (Id.)
*527 See also Andrew Scherer, Residential Landlord-Tenant Law in New York (§ 7:72 at 353 [1996 ed]) wherein the following is stated:
“Persons who may maintain proceeding— Landlord or lessor — Privity is required
“The relationship of the landlord to the respondent must involve both privity of contract, based on the agreement between the parties, and privity of estate, based on the transfer of interest in the real property. (New Amsterdam Casualty Co. v National Union Fire Ins. Co. of Pittsburg, Pa., 266 NY 254, 194 N.E. 754, 99 A.L.R. 216 [1935]).
“In other words, an owner may maintain a summary eviction proceeding against a respondent if the owner entered into a lease or other occupancy agreement with the respondent, or if the owner succeeded to the interests of one who had such an agreement.” (See e.g. 3414 KNOS LLC v Bryant, NYLJ, Jan. 12, 2011 at 25 [Civ Ct, Bronx County] [proceeding brought by owner, not leaseholder, of apartment was jurisdictionally defective and not amendable].)
Based upon the foregoing, this proceeding is dismissed without prejudice to renewal because there is no landlord/ tenant relationship between petitioner and respondents.