Rutland Road Associates, L.P., Appellant, v
against
Marilyn Grier and New York City Housing Authority, Respondents. Appellate Term Docket No. 2015-2920 K C Lower Court # 73903/14 Cohen, Hurkin, Ehrenfeld,Pomerantz & Tenenbaum, LLP, David Troupp, Esq., for appellant. DHPD, Housing Litigation Bureau, for respondents (no brief filed).



Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Gary Franklin Marton, J.), entered December 4, 2014. The final judgment, after a nonjury trial, dismissed the petition in a nonpayment summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
In this nonpayment proceeding, the petition, dated May 28, 2014, alleges that tenant is in possession pursuant to a written lease at a monthly rate of $1,269 and that she owed rent from May 2012. The petition further alleges that the apartment is located in a Mitchell-Lama development and that tenant is a recipient of a Section 8 subsidy. At a nonjury trial, tenant testified that she had moved out of the apartment in June 2012, after her Section 8 subsidy had expired, leaving her adult son in possession; that there was no written lease; and that she had never been advised of the amount of the rent. The only lease proffered by landlord expired in 2001, and there was no testimony or documentary evidence establishing an agreed-upon rent of $1,269. Following the trial, the Civil Court found that landlord had not established a prima facie case. We agree and affirm.
As the petition alleges that there was a written lease for an agreed sum of $1,269 per month, and as no proof was introduced at trial establishing this allegation, landlord failed to make out its prima facie case (see 2268 Church Ave., LLC v Clarke, 48 Misc 3d 127[A], 2015 NY Slip Op 50915[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Longobardi v Martin, 43 Misc 3d 128[A], 2014 NY Slip Op 50525[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). It is elementary that a nonpayment proceeding must be predicated on an agreement to pay rent (see Jaroslow v Lehigh R.R. Co., 23 NY2d 991, 993 [1969]; Strand Hill Assoc. v Gassenbauer, 41 Misc 3d 53 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; 265 Realty, LLC v Trec, 39 Misc 3d 150[A], 2013 NY Slip Op 50974[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Licht v Moses, 11 Misc 3d 76 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). Here, landlord failed to prove such an agreement. We note that, absent a new agreement, a tenant does not become liable for the Section 8 share of the rent, as rent, after the termination of the subsidy (see Malcolm X Apts., Inc. v Brown-Allen, 45 Misc 3d 129[A], 2014 NY Slip Op 51567[U] [App Term, 1st Dept 2014]; [*2]Rainbow Assoc. v Culkin, 2003 NY Slip Op 50771[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). 
Accordingly, the final judgment is affirmed.
Solomon, J.P., Pesce and Elliot, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: March 29, 2017