*1062 OPINION OF THE COURT
Diane E. Lutwak, J.
In this nonpayment proceeding commenced by notice of petition and petition dated October 19, 2016, petitioner seeks rent arrears for the months of June 2016 through October 2016 based on a monthly rent of $1,062.89, plus legal fees and late charges, for a total of $5,671.40. The case was settled on the initial court date of November 9, 2016 in a stipulation of settlement which provided petitioner with a possessory judgment and a monetary judgment for $5,663.90, issuance of the warrant of eviction forthwith, execution stayed through December 26, 2016 for payment. On January 18, 2017 respondent pro se sought to stay execution of the warrant of eviction and more time to pay the money judgment by taking out an order to show cause, which was settled on February 10, 2017 in an agreement under which execution of the warrant was further stayed through March 13, 2017 for respondent to pay rent due through February 2017 of $7,652.57. Respondent’s second order to show cause was denied on April 27, 2017 due to improper service.
Respondent, now represented by counsel, has brought a third order to show cause seeking vacatur of the judgment and warrant and dismissal of the petition as petitioner has divested itself of title to the premises and the new owner has not sought leave pursuant to CPLR 1018 to be substituted in as petitioner. A copy of a bargain and sale deed dated March 20, 2017, with an acknowledged signature of Benzion Kohn, identified as manager of 1521 Sheridan LLC,[1] is attached to respondent’s order to show cause as exhibit B, documenting the transfer of 1511 Sheridan Avenue in the Bronx from “1521 Sheridan LLC” to “Sheridan 1511 LLC.” Respondent’s attorney cites to Muzio v Rogers (20 Misc 3d 143[A], 2008 NY Slip Op 51763[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]), Besmanoff v Allen (143 Misc 2d 309 [App Term, 2d Dept, 9th & 11th Jud Dists 1989]), Leyin Ouyang v Cromelin (45 Misc 3d 1201 [A], 2014 NY Slip Op 51416[U] [Civ Ct, NY County 2014]), Boyd v Sametz (17 Misc 728 [NY City Dist Ct 1896]), and Terner v Brighton Foods, Inc. (27 Misc 3d 1225[A], 2010 NY Slip Op 50895[U] [Civ Ct, Kings County 2010]) as authority for the relief sought.
Petitioner opposes, arguing that respondent “has provided no legal basis for this court to vacate the money judgment that *1063 Petitioner obtained when it was the rightful owner of the premises.” Petitioner does not cite to any cases supporting its position, but argues that the cases respondent’s attorney cites are distinguishable, as none of them involve a nonpayment proceeding where, as here, the transfer of title took place after the issuance of the judgment.
The order to show cause was adjourned on May 12, 2017 to June 15, 2017 for further briefing, with supplemental opposition due by May 26, 2017 and reply by June 9, 2017. No supplemental opposition or reply was served and filed, and on June 15, 2017 petitioner’s counsel did not appear for argument. Respondent’s counsel appeared and provided the court with a copy of a document the new owner’s attorney had given him entitled “Assignment and Assumption of Arrears, Causes of Action and Pending Litigation” (hereinafter the Assignment), in which petitioner 1521 Sheridan LLC assigned to Sheridan 1511 LLC “all right, title and interest of Assignor in and all arrears, due and payable to Assignor in connection with the Property as well as any interest in and to the causes of action alleged, or which could be alleged, or which litigation is pending as relating to such arrears.” The Assignment further states that “Assignee is hereby permitted to amend the caption of any such cause of action.” The Assignment is signed by Benzion Kohn,[2] managing member of petitioner 1521 Sheridan LLC as assignor, but the copy provided to the court contains neither a signature of any representative of the assignee nor a complete execution date—it includes the month of March and the year 2017, but does not specify the day.
The new owner, Sheridan 1511 LLC, has not made a motion under CPLR 1018 to be substituted as petitioner and respondent’s counsel reported to the court on June 15, 2017 that, instead, the new owner commenced a new nonpayment proceeding against respondent, also calendared in Part K for that same day. The court system’s database confirms this, and shows that the new case is entitled Sheridan 1511, LLC v Vasquez (Civ Ct, Bronx County, June 15, 2017, Lutwak, J., L & T index No. 27701/2017), seeks rent arrears of $11,171.37 and was adjourned in Part K on June 15, 2017 to August 9, 2017. An examination of that court file, of which the court takes judicial notice, indicates that the petition was filed May 12, 2017 and seeks rent at the monthly rate of $1,062.89 for August *1064 2016 through May 2017 plus a balance of $292.47 for July 2016.
Petitioner is correct that none of the five cases cited by respondent are directly on point and none warrant the vacatur of petitioner’s monetary judgment. Four of those five decisions involve holdover, not nonpayment, proceedings, in which the only issue was possession, and in the one nonpayment proceeding (as well as in three of the four holdover proceedings) the transfer of title to the properties in question had taken place prior to judgment. (See Muzio v Rogers, 20 Misc 3d 143[A], 2008 NY Slip Op 51763 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008] [affirming lower court’s dismissal after trial of a nonpayment proceeding where evidence established that petitioners lacked standing as they had transferred the property prior to the commencement of the proceeding]; Besmanoff v Allen, 143 Misc 2d 309 [App Term, 2d Dept, 9th & 11th Jud Dists 1989] [reversing lower court’s award in holdover proceeding of judgment of possession to petitioner based on respondent tenant’s undisputed assertion that landlord had sold the premises and no substitution of parties had been made]; Leyin Ouyang v Cromelin, 45 Misc 3d 1201 [A], 2014 NY Slip Op 51416[U] [Civ Ct, NY County 2014] [where the evidence at trial established that petitioner had conveyed title to the premises after commencing the holdover proceeding, rather than granting respondent tenant’s motion to dismiss court directed substitution of the new owner under CPLR 1018]; Boyd v Sametz, 17 Misc 728 [NY City Dist Ct 1896] [summary proceedings to recover possession dismissed where petitioner had conveyed title to the property before commencing the proceedings]; Terner v Brighton Foods, Inc., 27 Misc 3d 1225 [A], 2010 NY Slip Op 50895 [U] [Civ Ct, Kings County 2010] [in holdover proceeding, court granted respondent undertenants’ motion to dismiss based on lack of standing where the unrefuted evidence established that petitioners had transferred their interests in the premises three weeks before commencing the case].)
Nor has the court’s own research turned up any authority for vacating petitioner’s monetary judgment. Certainly, case law makes it clear that the purpose of nonpayment proceedings is to recover possession for failure to pay rent. (See e.g. Patchogue Assoc. v Sears, Roebuck & Co., 37 Misc 3d 1, 4 [App Term, 2d Dept, 9th & 10th Jud Dists 2012] [“Regardless of a landlord’s intent, the purpose of a nonpayment summary proceeding is to *1065 recover possession of the subject premises”]; 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1, 4 [App Term, 2d Dept, 2d & 11th Jud Dists 2006] [“in a summary proceeding, a monetary award in favor of landlord can only be made concomitant with an award of possession”]; New York Univ. v Farkas, 121 Mise 2d 643, 644 [Civ Ct, NY County 1983] [“The invention of the summary proceeding was designed to provide the landlord with a simple, expeditious and inexpensive means of regaining possession of his premises in cases where the tenant refused upon demand to pay rent, or where he wrongfully held over without permission after the expiration of the term”].) Yet, having secured a money judgment for unpaid rent, just because a former owner can no longer recover possession does not lead to the conclusion that its money judgment is a nullity. (Compare Four Forty-One Holding Corp. v Bloom, 148 Misc 565, 567 [App Term, 1st Dept 1933] [“jurisdiction over the subject-matter having once vested, was not divested by subsequent events”]; Torres v Torres, 13 Misc 3d 1167, 1171 [Civ Ct, Kings County 2006] [“Although the entry of a possessory judgment and the issuance of a warrant are superfluous, the petitioner should not, at this juncture, be relegated to initiating a plenary action to recover the rent/u&o having incorporated such relief in the notice of termination and the petition and notice of petition each of which were served upon the respondent at the time he still resided at the premises in question. The court properly acquired jurisdiction over this matter when it was commenced and continues to retain jurisdiction notwithstanding the respondent’s recent vacatur of the subject premises”].)
Having conveyed the premises, however, petitioner no longer has the right to “Recover Possession” under article 7 of the Real Property Actions and Proceedings Law. Petitioner is no longer the “landlord or lessor” (RPAPL 721 [1]), and no longer has standing to enforce the judgment of possession by executing a warrant of eviction. As explained by the court in Boyd v Sametz (17 Misc 728, 730 [NY City Dist Ct 1896]),
“When Boyd delivered the deed to the New York Life Insurance Company he divested himself of all title to the premises, and the rights of landlord as respects these tenants were transferred by operation of the conveyance to the grantee. Of what value, then, could be a warrant commanding the officer to put the petitioner into possession of the premises?”
*1066 Based on the above authority, it is this court’s finding that the monetary judgment issued to petitioner remains intact, but the possessory judgment and concomitant right to execute the warrant of eviction are unenforceable. To ensure such unen-forceability, the court exercises its discretion to stay execution of the possessory judgment under CPLR 2201 and 326-330 E. 35th St. Assoc. v Sofizade (191 Misc 2d 329, 332 [App Term, 1st Dept 2002]), as well as to permanently vacate the warrant of eviction. (Brusco v Braun, 84 NY2d 674, 682 [1994]; GG Rentals LLC v Chalas, 53 Misc 3d 1218[A], 2016 NY Slip Op 51725[U] [Civ Ct, Kings County 2016].)
It is evident that both the prior and current owners each believe they have the right to collect the same alleged rent arrears from respondent: petitioner by retaining its money judgment for $5,663.90 representing rent due through November 2016, and, simultaneously, the new owner—who did not move to be substituted for petitioner under CPLR 1018—by seeking a possessory judgment and a monetary judgment for $11,171.37, representing rent due for the overlapping period of July 2016 through May 2017, in a new nonpayment proceeding. In other similar instances, an assignment of rents executed at the time of the deed transfer generally resolves the question; however, in this case the incomplete copy of the Assignment that was presented to the court raises more questions than it answers, given, inter alia, the absence of a complete date of execution of the Assignment and a signature by a representative of the new owner. Accordingly, questions regarding the effect of that assignment on the rights of the prior and new owners await resolution on another day. In the meantime, petitioner’s money judgment will stand, although the enforcement mechanism of execution of a warrant of eviction will not. And, of course, respondent will not be responsible to pay the new owner rent arrears which are the subject of the money judgment which petitioner herein retains.
Accordingly, respondent’s motion is granted to the extent of permanently staying execution of the possessory judgment and vacating the warrant of eviction.

. The petition indicates that the registered managing agent is Ben Kohn, with an address at 5712 New Utrecht Avenue in Brooklyn, New York.

. See n 1, supra.