71 West 68th Street, LLC, 570327/17 
against
Francis Roach, Respondent-Tenant-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Michael J. Pinckney, J., dated March 10, 2017, which denied its motion for summary judgment in a nonpayment summary proceeding, granted tenant's cross motion for summary judgment dismissing the petition, and set the matter down for a hearing to determine the reasonable value of attorneys' fees due tenant.




Per Curiam.
Order (Michael J. Pinckney, J.), dated March 10, 2017, affirmed, without costs,
The motion court properly dismissed the nonpayment petition seeking a possessory judgment for rent arrears which accrued prior to July 1, 2016, the date that tenant, as successor to the deceased rent stabilized tenant (Faccuito), became a party to a lease agreement with landlord. A nonpayment proceeding can be maintained only to collect rent owed pursuant to an "agreement" between the parties (see RPAPL § 711[2]), and there was no agreement in effect between these parties until July 1, 2016, the effective date of their written lease agreement (see East Harlem Pilot Block Bldg. IV HDFC Inc. v Diaz, 46 Misc 3d 150[A], 2015 NY Slip Op 50289[U] [App Term, 1st Dept 2015]; 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1 [2006]).
Nor is a contrary result warranted by any language in the deceased tenant's expired lease providing that the lease "is binding on Landlord, Tenant and their ... successors and assigns" (emphasis added). "Because a successor in interest is not a tenant until he becomes a party to a lease or rental agreement ... and because tenant did not become a party to the lease until after the arrears sought had accrued, a nonpayment proceeding does not lie to recover these arrears" (East Harlem Pilot Block Bldg. IV HDFC Inc. v Diaz, 46 Misc 3d 150[A], quoting Strand Hill Assoc. v Gassenbauer, 41 Misc 3d 53, 54-55 [App Term, 2d, 11th & 13th Jud Dists 2013]; see also Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969]).
As the prevailing party in this proceeding, tenant is entitled to attorneys' fees pursuant to the lease and the reciprocal provisions of RPAPL § 234. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 30, 2017