Joseph P. Zielinski, Respondent,
against
Wojciech Kiwak, Appellant.




Wojciech Kiwak, appellant pro se.
Joseph P. Zielinski, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered March 22, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,350 and dismissed defendant's counterclaim.




ORDERED that the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $2,550; as so modified, the judgment is affirmed, without costs.
In this small claims action, plaintiff, defendant's former landlord, seeks to recover the principal sum of $4,350, representing rent arrears, the cost of repairs that had been made by plaintiff after defendant's washing machine had caused water damage to plaintiff's apartment, located directly below defendant's apartment, and the cost of cleaning the leased premises and removing defendant's personal property left therein after defendant had vacated. Defendant counterclaimed to recover the principal sum of $5,000, representing the cost he had allegedly incurred in painting the premises after plaintiff had refused to do so.
At a nonjury trial, plaintiff testified that, after the original lease had expired, defendant had remained in possession as a month-to-month tenant; that the rent had been raised over the years from $1,300 to $1,700 a month; and that there had also been a $200 rental increase commencing in October 2014, which additional sum defendant failed to pay. In addition, defendant failed to pay rent for February 2015, defendant's final month in the apartment, but plaintiff admitted that he had applied defendant's $1,300 security deposit towards the February 2015 rent. Plaintiff also testified that a leak from defendant's washing machine had caused [*2]extensive damage to plaintiff's apartment and that his damages from the water leak amounted to $2,150. Plaintiff further testified that he had incurred expenses totaling $400 in cleaning the premises and removing defendant's personal property after defendant had vacated.
Defendant testified that no agreement existed to raise the rent from $1,700 to $1,900, but admitted that he failed to pay the February 2015 rent. Defendant also admitted that "there was a little spillage" from the washing machine on the date plaintiff alleged that the leak into his apartment had occurred. Defendant further testified that, in 2011, he had spent more than $5,000 on paint after plaintiff refused to paint defendant's apartment.
Following the trial, the Civil Court awarded plaintiff the principal sum of $4,350 and dismissed defendant's counterclaim, without making any findings of fact.
On appeal, defendant contends (1) that there was no agreement to raise the monthly rent from $1,700 to $1,900; (2) that plaintiff failed to prove that defendant's washing machine had caused the water leak; (3) that plaintiff failed to prove the costs associated with cleaning the premises and removing defendant's property; (4) that, even taking all of plaintiff's contentions as true, plaintiff established damages totaling only $3,950 and, thus the judgment, in any event, must be reduced by $400; and (5) that the court's dismissal of defendant's counterclaim, which, defendant claims was on the ground that it was barred by the statute of limitations, was improper.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Real Property Law § 232-c provides, in pertinent part, that "if the landlord shall accept rent for any period subsequent to the expiration of [a lease] term [longer than one month], then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term" (see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969]). Here, the proof at trial established that, upon the expiration of the parties' written lease, defendant's tenancy became month to month. It is undisputed that plaintiff accepted payment of $1,700 for the months of October 2014 through January 2015, after plaintiff had purported to unilaterally raise the rent to $1,900. In these circumstances, plaintiff was entitled to only $1,700 per month for these months (see Farrell Lines v City of New York, 63 Misc 2d 542, 544 [Sup Ct, NY County 1970], affd 35 AD2d 788 [1970], affd on other grounds 30 NY2d 76 [1972] [a claim for increased rent was dismissed where the tenant had continued to pay at the previous rate and the payments had been accepted by the landlord]; Matter of Joyous Holdings v Volkswagen of Oneonta, 128 AD2d 1002, 1006 [1987] ["even assuming that petitioner could unilaterally increase the rent from $2,000 to $3,300 a month effective September 1, 1984, its acceptance of the lesser sum for the ensuing three months precludes recovery of the balance"]) and, thus, no rent was due therefor. With respect to February 2015, as plaintiff credited [*3]defendant with the $1,300 security deposit, only $400 was due and owing as rent. Consequently, with respect to plaintiff's cause of action based on nonpayment of rent, plaintiff is entitled to recover only the sum of $400.
With respect to plaintiff's claim to recover the sum of $2,150 for water damage, we find no basis to disturb the court's implicit credibility determination in favor of plaintiff on the issue of liability for the leak, especially as defendant admitted that a leak had occurred on that day. We agree with defendant that plaintiff failed to establish the amount of damages he had sustained as a result of the removal of defendant's personal property and the cleaning of the apartment. Consequently, we find that plaintiff is entitled to recover the total sum of $2,550 on his causes of action.
Finally, the record does not support defendant's contention that the court dismissed his counterclaim based on the statute of limitations, and we otherwise see no basis to disturb that dismissal.
Accordingly, substantial justice between the parties (see CCA 1804, 1807) requires that the judgment be modified by decreasing the amount awarded to plaintiff to the principal sum of $2,550.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2018