7 E. 14, LLC v Libson (2023 NY Slip Op 51261(U))

[*1]

7 E. 14, LLC v Libson

2023 NY Slip Op 51261(U)

Decided on November 22, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 22, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

571018/23

7 East 14, LLC, Petitioner-Appellant, 
against Sydney Libson, Respondent-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Karen May Bacdayan, J.), entered July 18, 2023, which granted tenant's motion to dismiss the petition in a nonpayment summary proceeding.

Per Curiam.
Order (Karen May Bacdayan, J.), entered July 18, 2023, affirmed, without costs.
This nonpayment petition, alleging that tenant is in possession "pursuant to a rental agreement[,] in writing," and seeking rent arrears through October 2022, was properly dismissed on tenant's motion. It is undisputed that tenant's lease expired on November 30, 2020. A nonpayment proceeding can be maintained only to collect rent owed pursuant to an agreement between the parties (see RPAPL 711[2]; Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969]; 6 W. 20th St. Tenants Corp. v Dezertzov, 75 Misc 3d 135[A], 2022 NY Slip Op 50529[U][App Term, 1st Dept 2022]), and here there was no agreement after November 30, 2020. We note that landlord has subsequently commenced a holdover proceeding based upon tenant's failure to execute the tendered renewal lease. Thus, the dismissal was properly made without prejudice.
To the extent the petition sought rent arrears accruing prior to November 30, 2020, we note that landlord never sought to amend the petition to correct the misstatement as to the terms of the prior lease and the amount owed thereunder. Moreover, landlord does not request that we reinstate the portion of the petition seeking rent through November 30, 2020. Instead, landlord requests that we reinstate the entire petition to correct a claimed "anomaly in the law," a request that we reject.
We note that the motion procedure utilized below did not prejudice any substantial right of landlord (see CPLR 2001).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 22, 2023