Hart Prop. Servs. LLC v Jackhan (2025 NY Slip Op 50607(U))

[*1]

Hart Prop. Servs. LLC v Jackhan

2025 NY Slip Op 50607(U)

Decided on April 22, 2025

Civil Court Of The City Of New York, Kings County

Ortiz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 22, 2025
Civil Court of the City of New York, Kings County

Hart Property Services LLC, Petitioner,

against
Lilmattee Jackhan et al., Respondents.

Index No. L&T 332465-24/KI

Scott Gross, Esq.
Law Offices of Scott D. Gross
Westbury, NY
Attorney for petitioner
Salonika Tiwari, Esq.
RiseBoro Community Partnership/LEAP Brooklyn, NY
Attorneys for respondent

Javier E. Ortiz, J.

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:
Papers Numbered
Respondent's Notice of Motion, along with supporting affirmations and exhibits 15-18
Petitioner's Affirmation in Opposition and exhibit 19-20
Respondent's Affirmation in Reply 21
Papers considered: (NYSCEF Doc Nos. 15-18, 19-20, 21)
Before the Court is Respondent's motion for summary judgment pursuant to CPLR §3212 seeking dismissal on three grounds: 1) that there is a prior action pending between the parties which mandates dismissal under CPLR §3211(a)(4); 2) that the Petitioner lacks standing to commence and maintain this proceeding pursuant to RPAPL §721 and NY LLC Law §206; and 3) that there was no valid lease agreement in effect between the parties at the time this summary [*2]nonpayment proceeding commenced. For the foregoing reasons, Respondent's motion is denied in part and granted in part.
Facts and Procedural History
This is a summary nonpayment proceeding which seeks alleged arrears from November 2023 through October 2024. The petition and notice of petition were filed on November 14, 2024, and served upon LILMATTEE JACKHAN (hereinafter "Respondent") via personal service on December 18, 2024. (NYSCEF Doc. Nos. 1-3). Petitioner then moved to amend the petition to join additional Respondents who occupy the subject premises, however according to the Petitioner's affidavit in support of that motion, only Respondent is the tenant of record. (NYSCEF Doc. No. 6 at ¶ 3). Petitioner's motion was granted on Respondent's default. (NYSCEF Doc. No. 10). Respondent then retained counsel and filed an answer on February 20, 2025 (NYSCEF Doc. No 13). Respondent subsequently filed the instant motion on March 13, 2025, which was deemed fully briefed and submitted after argument on March 26, 2025.
Discussion
Prior Action Pending
Respondent seeks summary judgment dismissing this proceeding pursuant to CPLR §3211(a)(4), arguing that there was a prior action pending at the time this proceeding commenced. This branch of Respondent's motion for summary judgment is denied.
There is no general prohibition to the commencement of a proceeding while another substantially similar matter is pending, and courts retain discretion to employ remedies other than dismissal — such as consolidation or a stay — if there is a prior action pending between the parties. (See, Siegel NY Prac. § 262).
The gravamen of Respondent's argument is that there was a submitted undecided motion for summary judgment in a prior nonpayment proceeding when the case at bar commenced, and therefore, dismissal is required as the proceedings are duplicative. The prior proceeding at issue is LT-330191-23/KI; 865 Property Services LLC v. Lilmattee Jackhan. The Court finds Respondent's argument unavailing. There are substantial differences between the prior proceeding and the one at bar which defeat Respondent's argument. First, the Petitioners are two different corporate entities. Second, the period of the alleged arrears sought, and the amount of rent sought, differ between the two proceedings. Finally, and most importantly, a decision on Respondent's motion for summary judgment was rendered and the prior proceeding was dismissed without prejudice before Respondent made the present motion. Accordingly, the relief Respondent seeks under CPLR §3211(a)(4) is no longer available. (Melis v. Blake Stone, LLC, 227 A.D. 882, 885 [App. Div. 2d Dept. 2024]), and the branch of Respondent's motion is denied.
Petitioner's Lack of Standing — NY LLC Law §206
Respondent further seeks summary judgment dismissing this proceeding due to Petitioner's alleged lack of standing. Respondent argues that Petitioner does not have standing pursuant to RPAPL §721(1) and NY LLC Law §206, as they were not authorized to do business in New York State when this proceeding commenced and at the time Respondent filed the underlying motion. Respondent's argument is grounded in NY LLC Law §206 which requires "a limited liability company to publish its articles of organization in two newspaper[s] and file proof of publication with the Department of State within 120 days of the company's formation." (Hull Unique Equities LLC v. Boone, 83 Misc. 1297[A] [Civ. Ct. Kings Co. 2024]). Respondent's reliance on Article 2 of the NY LLC law is misplaced. The Petitioner is a foreign [*3]corporation (NYSCEF Doc. No. 20) and is thus governed by Article 8 of the NY LLC law.
NY LLC Law §802 provides in pertinent part that "[b]efore doing business in this state, a foreign limited liability company shall apply for authority to do business in this state." (NY LLC Law §802[a]). §802 also imposes publication requirements on a foreign corporation and commands that:
"[i]f within one hundred twenty days after the filing of its application for authority with the department of state, proof of such publication has not been filed with the department of state, the authority of such foreign limited liability company to carry on, conduct or transact any business in this state shall be suspended, effective as of the expiration of such one hundred twenty day period." (NY LLC Law §802[b][i]).
The Court interprets this to mean that "[a] foreign corporation may cure a failure to obtain authorization to do business during the pendency of an action." (Jermainia Holdings LLC v. Lyndo, 2024 WL 2118306, [Civ. Ct. Kings Co. 2024], citing to Uribe v. Merchants Bank, 266 AD2d 21, 22 [1st Dept. 1999]).
Here, it is uncontroverted that the Petitioner only filed its application for authority after receiving Respondent's summary judgment motion. Be that as it may, the Petitioner, being a foreign corporation, has the opportunity to cure, and it has done so by filing its application of authority with the Department of State (NYSCEF Doc. No. 20). The Petitioner must still comply with the publication requirements to maintain its authorization to do business in the state, however the time for it to provide proof of publication has not yet run. At this present time, the Petitioner has cured its lack of authority and is currently authorized to conduct business activity in New York and maintain this proceeding. Accordingly, this branch of Respondent's motion is denied.
Petitioner's Lack of Standing - No Valid Lease Agreement in Effect at the Commencement of this Proceeding
The third branch of Respondent's motion seeks dismissal on the grounds that there was no lease agreement in effect between the Respondent and the Petitioner when the proceeding commenced and therefore dismissal is required. This branch of Respondent's motion is granted.
"It is elementary that a nonpayment proceeding must be predicated on a default in rent owed pursuant to the agreement under which the premises are held." (1614 Midwood Holdings LLC v. Tiliaeva, 80 Misc 3d 628, 630, 196 N.Y.S.3d 636, 638 [Civ. Ct. Kings Co. 2023]). In Fairfield Beach 9th, LLC v. Shepard-Neely, the Appellate Term held that a nonpayment proceeding cannot be maintained when "[i]t is undisputed that no rental agreement was in effect when [the] proceeding was commenced." (77 Misc 3d 136(A), 182 N.Y.S.3d 486 [App. Term 2d Dept., 2d, 11th, 13th Jud. Dists. 2022], quoting Jaroslow v. Lehigh Val. R.R. Co., 23 NY2d 991 [1969]; citing to 625 Nostrand Ave Corp. v. Roach, 15 Misc 3d 1 [App. Term. 2d Dept., 2d, 11th, 13th Jud. Dists. 2006]). Here, the subject premises is rent stabilized, and the Respondent is the current tenant of record. (NYSCEF Doc. No. 1 at ¶¶ 2, 7). Respondent argues that there is no agreement to pay rent between her and the Petitioner, as the rent stabilized renewal lease she was provided is between herself and 865 Property Services LLC, the prior owner. (Respondent's Exhibit E, NYSCEF Doc. No. 18). The Court agrees with the Respondent.
There are two major infirmities in Respondent's rent stabilized renewal lease which make it a nullity. First, the renewal lease is dated July 19, 2024, and was provided to the Respondent almost a year and a half after the property transferred to the Petitioner, Hart Services LLC, [*4]however, it still lists the prior owner as the landlord. Respondent thus presents an argument related to privity of contract. Where there is no privity between the parties, a summary nonpayment proceeding must be dismissed. (Robles v. Margaritis, 52 Misc 3d 523, 526, 29 N.Y.S.3d 780, 782 [NY Dist. Ct. 2016]).
Second, the renewal lease provided by the Respondent is only signed by her. It is not countersigned by either the prior owner or the current one. It is understood that an owner of a rent stabilized building,
"shall furnish to such tenant a copy of the fully executed renewal lease form bearing the signatures of the owner and tenant within 30 days of the owner's receipt of the renewal lease form signed by the tenant. Upon execution by the owner and delivery to the tenant, such form shall constitute a binding renewal lease." (9 NYCRR §2523.5[a]).
Therefore, because the renewal lease contains an entity who is not the owner of the subject premises, and the renewal was never countersigned and returned to the Respondent, the renewal lease is void, and no valid agreement to pay rent existed between the parties when this proceeding commenced.
Petitioner, in its opposition, does not address Respondent's arguments regarding the privity of contract between the parties and the issues raised with Respondent's renewal lease. When a party opposing a motion for summary judgment fails to controvert the facts in the movant's papers, those facts may be deemed to be admitted. (Kuehne & Nagel, Inc. v. Baiden, 36 NY2d 539, 627 [1975]).
Accordingly, for the reasons stated above it is:
ORDERED that the petition is dismissed without prejudice.
This constitutes the decision and order of the Court.
Dated: April 22, 2025
Brooklyn, New York
HON. JAVIER E. ORTIZ-J.H.C.